Bestjamin F. Schreiber, J.
Under subdivision 2 of section 48 of the Civil Practice Act an action to recover on a liability created by statute may be commenced within six years, and under subdivision 3 of that section an action to recover for personal injuries resulting from a nuisance may also be commenced within six years.
The first cause of action is one to recover on a liability created by statute. Although at common law there was no duty on a landlord to repair rooms demised to tenants and his liability in that respect was limited to the parts of the promises used in *23 common by all the tenants, the Multiple Dwelling Law, formerly the Tenement House Law, has made the landlord liable for failure to make repairs within leased apartments as well as repairs in portions of the premises used in common. (Altz v. Leiberson, 233 N. Y. 16.) The statute has also placed an obligation upon the landlord to make repairs even though he has leased the entire premises and is out of possession and although at common law there was no such liability.- (Weiner v. Leroco Realty Corp., 279 N. Y. 127.) It was the evident purpose of the statute in the case of a failure of the landlord to repair any part of a multiple dwelling to impose a liability upon him for the benefit of tenants and their families and also persons lawfully in the premises as invitees. In Altz v. Leiberson (supra, p. 19) Judge Cabdozo declared that the right to seek redress was not limited to the city or its officers but extended to all whom there was a purpose to protect. The cases cited by him are cases dealing with violations of similar statutes which were held to give rise to a statutory action for resulting injuries. (Amberg v. Kinley, 214 N. Y. 531, 535; Martin v. Herzog, 228 N. Y. 164,168.) In the light of these cases the court holds that the first cause of action is one to recover upon a liability created by statute rather than one for common-law negligence regarding which the statute merely defined the degree of care which would constitute negligence.
The second cause of action is one for nuisance and is therefore also governed by the six-year statute. (Pharm v. Lituchy, 283 N. Y. 130; see Multiple Dwelling Law, § 309, subd. 1, par. a.)
It is accordingly unnecessary to decide whether the present case is controlled by section 229-b of the Civil Practice Act, or whether the designation under that section comes within the exceptions in section 19 of the Civil Practice Act specified in subdivision 1 of that section. Concededly it was not until the 1943 amendment to section 19 that an involuntary designation could legally be treated as an exception to section 19. As less than six years have elapsed since the effective date of the amendment the plaintiff’s causes of action are not barred by the Statute of Limitations, even if section 229-b is applicable and even if the designation under that section is an involuntary designation within the meaning of subdivision 1 of section 19.
The motion to dismiss the defense of the Statute of Limitations is accordingly granted.