LEON SHASS et al., Plaintiffs, *v.* ABGOLD REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Kings County, December 15, 1950.

*William Ritholtz* for William Witkowsky, defendant.

*Cullen & Dykman* for Brooklyn Union Gas Co., defendant.

*Irving Segal* for Abgold Realty Corp., defendant.

*Yacenda & Muscio* for plaintiff.

STEINBRINK, J. Separate motions are made by two of the three defendants joined in this personal injury action, to wit, the Brooklyn Union Gas Company (hereinafter referred to as the Gas Company), and one William Witkowsky to dismiss cross claims for indemnity made against them by the third defendant Abgold Realty Corporation (hereinafter referred to as Abgold), pursuant to section 264 of the Civil Practice Act. Such cross claims are now presented in Abgold's amended answer, its first cross claims so made having been dismissed upon appeal as factually insufficient, but with leave given to plead over. (*Shass* v. *Abgold Realty Corp.*, 277 App. Div. 346.)

The injuries sued upon were allegedly sustained by the plaintiff tenants of an apartment in a multiple dwelling for more than three families as a result of breathing illuminating gas which escaped from deteriorated and leaking gas pipes beneath their kitchen floor. Abgold is sued as the landlord and owner, the Brooklyn Union Gas Company as the supplier of the gas, and Witkowsky as a plumber employed by the owner to repair the leaking pipes. The complaint contains recitals that the Gas Company also sent " one or more of its employees to the aforesaid premises to inspect and check the aforesaid condition complained of by the plaintiffs herein." It further alleges that the repair work was improperly done, permitting a freer and fuller flow of gas into plaintiff's apartment; also that the condition constituted a nuisance as defined by section 309 of the Multiple Dwelling Law.

The complaint clearly charges all three defendants with acts of negligence. The Appellate Division, in its opinion (*Shass* v. *Abgold Realty Corp., supra,* p. 348) states: " The complaint charges each and all of the defendants with negligence contributing to the happening of the accident. All defendants are so alleged to be tort-feasors *in pari delicto*. The complaint contains no allegations of facts establishing or tending to establish that any defendant was only passively negligent, as contrasted with another charged with active negligence."

On such a showing it was held that a mere conclusory recital in a proposed cross claim interposed under section 264 that a codefendant or codefendants are " primarily responsible " and will be " bound to indemnify this defendant " is not enough.

The Appellate Division pointed out that where the situation as presented in the complaint did not indicate facts upon which active and passive negligence were shown or inferable, it was necessary for defendants seeking indemnity on such basis to plead those facts in his answer.

Insofar as the moving defendant Gas Company is concerned, I can see no asserted basis in fact or in law for indemnity. None is claimed by reason of contract and none is presented under any common-law principle. There is no assertion that Abgold engaged the Gas Company to make repairs. There is no showing that the Gas Company was under any legal duty with respect to the premises or the gas pipes. Assuming that the Gas Company did actually undertake to repair the pipes there is no showing that defendant-owner relied upon such repair, or had a right to rely upon it.

The law imposes on the owner of a multiple dwelling such as this the duty to keep it in good repair (Multiple Dwelling Law § 78). The duty is not absolute but arises after notice, actual or constructive, of the dangerous condition (*Altz v. Leiberson,* 233 N. Y. 16, 18; *Fish* v. *Estate of McCarthy,* 224 App. Div. 160, affd. 253 N. Y. 571). If the owner failed in such duty and such failure caused or contributed to plaintiff's injuries, the owner is guilty of active negligence and as an active tort-feasor can have no indemnity (*Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, 418, affd. 298 N. Y. 686). If it did not so fail it cannot be cast in damages and there will be no need to seek indemnity. If any negligent act of the Gas Company caused or contributed to plaintiffs' injuries such defendant will be answerable for its own wrongdoing. Insofar as these two defendants are concerned nothing in the relationship of the parties is shown or is pleaded whereby defendant owner can be held to answer for any tort but its own. The situation with respect to the moving defendant, Witkowsky, is or may be different. Under issues now tendered by the pleadings it may develop that the owner as principal may be called upon to respond in damages because of vicarious liability arising as a result of negligent acts of such defendant whom it sent to make repairs. In such case, the common-law principles of active and passive negligence would be applicable to enable Abgold to seek indemnity as against Witkowsky.

Motion by defendant, the Brooklyn Union Gas Company, to dismiss cross complaint as to it, accordingly, is granted, and like motion by defendant, William Witkowsky, is denied.