James B. M. McNally, J.
Motion for an order dismissing the complaint on the ground that the Statute of Limitations has run with respect to the causes therein set forth is granted, to the extent hereinafter indicated. Plaintiff’s intestate was injured on June 8, 1949, she died on August 14, 1949 and the summons was served on September 17, 1953. The first cause seeks recovery of damages for personal injuries, the second for wrongful death and the third seeks recovery for loss of services. Concededly all three are barred if the pertinent provisions of subdivision 6 of section 49 of the Civil Practice Act and section 130 of the Decedent Estate Law govern. Plaintiffs urge that the causes are controlled by the six-year statute applying to causes upon liabilities created by statutes. (Civ. Prac. Act, § 48, subd. 2.) The negligence relied upon is violation of the Multiple Dwelling Law.
The injuries were allegedly suffered in an apartment rented the intestate or her husband. At common law there was no duty to keep the rented apartment in repair. This duty was imposed by statute (Altz v. Leiberson, 233 N. Y. 16). Similarly, at common law there was no recovery for damages arising from wrongful death (Matter of Meng, 227 N. Y. 264, 273). In Cimo v. State of New York (306 N. Y. 143, 150) the Court of Appeals held with respect to application of general Statutes of Limitation to a cause of action created by statute that “ When the Legislature creates a new right of action, otherwise unknown to the law, and in the statute of creation imposes a time limitation, that limitation is part of the grant of power and the bringing of such an. action is subject to that limitation and no *22 other * * *. A persuasive analogy is to actions under section 130 of the Decedent Estate Law for wrongfully causing death; since that statute requires suit within two years 1 after the decedent’s death ’, more liberal general limitation such as that of section 11 of the Civil Practice Act may not be availed of (Jones v. 416 Pleasant Ave. Holding Corp., 304 N. Y. 893).”
Applying this to the case at bar it is held that the more liberal time provision of subdivision 2 of section 48 of the Civil Practice Act is not available to the death action since the statute bringing such actions into existence contains its own Statute of Limitations.
Again applying the rule to the personal injury and loss of services causes which find their statutory existence in the provisions of the Multiple Dwelling Law which contains no Statute of Limitations, it is held that subdivision 2 of section 48 of the Civil Practice Act applies.
The motion is, therefore, granted as to the cause of action for wrongful death and otherwise denied. Settle an order severing the action accordingly and dismissing the complaint as to the death cause.