MORRISON *v.* BROWN.

1. Vendor and Purchaser—Transferee of Vendor's Interest.
   The transferee of the vendor's interest under a land contract is bound by the terms of such contract.

2. Statutes—Construction—Housing Law.
   A provision of the housing law imposing upon the owner a duty to keep in good repair the dwelling, including plumbing, heating, ventilating, and electrical wiring, is a remedial statute and should be liberally construed as to persons it was intended to protect, including injured tenants (CL 1948, § 125.471).

3. Vendor and Purchaser—Obligation to Keep Dwelling in Repair—Statutes—Owners.
   Provision of housing law imposing upon the owner of premises the duty to keep in good repair the dwelling, including its plumbing, heating, ventilating, and electrical wiring, did not impose upon such owner liability for injuries sustained by mother of a tenant who was severely burned because of disrepair of manually-operated gas water heater, where premises had been sold to a vendee who was given possession under an executory land contract, since the injuries arose by reason of the dereliction of the vendee occupant rather than of the owner who had separated himself from possession and control (CL 1948, § 125.471).

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted June 8, 1960. (Docket No. 27, Calendar No. 48,229.) Decided July 11, 1960.

Case by Margaret E. Morrison against Alan N. Brown and Bernard E. Linden, the latter doing busi-

References for Points in Headnotes

[2] 32 Am Jur, Landlord and Tenant § 660.
   50 Am Jur, Statutes §§ 392–394.
[3] 55 Am Jur, Vendor and Purchaser § 368.
   Liability of vendor or grantor of real estate for personal injury to purchaser or third person due to defective condition of premises. 8 ALR2d 218.

ness as Linden Management Company, for personal injuries sustained by reason of defective water heater on rented premises. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Livingston & Keith* and *Harry B. Letzer* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*Alan N. Brown, in propria persona* and for defendant Linden.

CARR, J. Plaintiff's declaration in this case was dismissed on motion and she has appealed. The question involved is one of statutory construction. It appears from the pleadings filed by the parties, including exhibits attached thereto, that on June 26, 1957, Donald S. Hutchison and Loretta M. Hutchison, his wife, were the owners of a 2-family flat located at 3715–3719 E. Palmer street in the city of Detroit. On said date they entered into an executory land contract by which they agreed to sell, and the named vendee, James Cook, agreed to purchase, said premises. By the terms of the agreement the vendee was given possession of the property with the right to retain same as long as he was not in default in performing his obligations pursuant to the contract. The vendors stipulated that they would on receipt of the payments to be made by the vendee execute and deliver a good and sufficient warranty deed conveying title to the land. Other provisions of the contract were in the customary form. It is not disputed that the vendee, James Cook, went into possession of the property and was in actual possession, control, and management thereof at the time of the occurrence on which plaintiff's alleged cause of action was based.

It further appears that on the 18th of January, 1958, one Frances Hensley was a tenant in the prem-

ises, and that her mother, plaintiff herein, was living with her. The amended declaration charges that Mrs. Morrison was severely burned on said date because a manually-operated gas water heater was in a condition of disrepair in that the door thereof was broken, and the flame could not be regulated in such manner as to prevent it extending beyond the confines of the heater.

Prior to such occurrence, and under date of June 27, 1957, Mr. and Mrs. Hutchison assigned to defendant Brown their vendor's interest under the land contract with Cook, and conveyed to said defendant the legal title to the property. The vendee under the contract continued in possession, and for the purposes of the motion to dismiss it was agreed between the parties in the trial court that at the time of the accident in which plaintiff was injured defendant Brown was not living on the premises and exercised no control over them. He was, of course, bound by the terms of the land contract entered into between his assignors and the vendee. It appears that a few days following the injury to Mrs. Morrison the vendee surrendered possession, and his rights under the contract, to defendant Brown, or to his agent, defendant Linden, but such subsequent action may not be regarded as affecting the situation existing on the 18th of January, 1958. At that time James Cook was the landlord of Frances Hensley, the tenant with whom Mrs. Morrison was residing.

Plaintiff's claim of the right to recover damages from the defendants is predicated on section 71 of the housing law of Michigan,* which section reads as follows:

---

* PA 1917, No 167, as amended (CL 1948, § 125.401 *et seq.*, as amended [Stat Ann 1958 Rev § 5.2771 *et seq.*]).

"Repairs and drainage. Every dwelling and all the parts thereof including plumbing, heating, ventilating and electrical wiring shall be kept in good repair by the owner. The roof shall be so maintained as not to leak and the rain water shall be drained and conveyed therefrom through proper conduits into the sewerage system in accordance with plumbing regulations so as to avoid dampness in the walls and ceilings and insanitary conditions."

In substance, it is plaintiff's contention that an absolute duty was imposed on defendant Brown and his agent, by the language quoted, to keep the premises in proper repair, based on ownership of the legal title and notwithstanding the fact that the vendee under the land contract was actually the landlord of the premises and that defendant Brown did not occupy such relationship insofar as plaintiff was concerned, nor did he have any right under the contract to interfere with the possession, right of control, and management of the premises by vendee Cook. The question before us is whether the statute may properly be construed to support plaintiff's contention.

It is conceded that the question is a novel one in Michigan. The cases thus far arising under the section of the housing law in question have involved the relationship of landlord and tenant. Thus in *Annis* v. *Britton,* 232 Mich 291, the plaintiff was found to be the tenant of the defendant, it appearing that rent tendered by her for the use of the premises had been accepted. Apparently a finding of liability was predicated on the theory that the relation of landlord and tenant existed. Of similar nature are later decisions, including *Lebovics* v. *Howie,* 307 Mich 326; and *Morningstar* v. *Strich,* 326 Mich 541. In cases of such character it is obvious that the owner as landlord had not only the right but was charged with the duty of

inspecting the premises and of maintaining them in reasonable repair.

In the instant case it is the claim of the defendants, in substance, that liability cannot attach to them for the reason that they had no right of inspection of the premises or right to interfere with the management and control of the vendee under the land contract, such vendee sustaining the relation of landlord to his tenants. Attention has been directed to the case of *King* v. *Six Ninety and Two Realty Corporation,* 153 Misc 619 (275 NYS 753). Involved there was a provision of the multiple dwelling law of the State of New York, comparable in terms to the provision of the Michigan housing law here involved, providing that the "owner" of a multiple dwelling should keep the same and every part thereof in good repair. Plaintiff was injured in certain premises owned by the defendant but to which it had executed an assignment of rents with the right of possession and control to another corporation, which had in turn executed a similar assignment to the United States Trust Company. The latter company was not a party to the litigation. Liability was contested by the holder of the legal title on the ground that it did not have a right to possession and control. Commenting on the situation, it was said, in part (pp 620–622):

"The question presented is whether 'owner' as used in this section means the owner of the fee, or the one in possession and control, exercising the usual functions of an owner. I construe it to mean the latter. Otherwise the statute must be held to mean that the owner of the fee is liable for a condition arising after he has divested himself of control and an opportunity to repair. Though he might not even have right of access to the premises, he would remain responsible for their condition. * * *

"Ordinarily, in the absence of statute, liability for injuries suffered by a visitor arises from occupancy, not from ownership of real property. An owner who has parted with possession and thus lost the opportunity to exclude or invite visitors cannot be held liable if a visitor is injured. *Potter* v. *New York, O. & W. R. Co.*, 261 NY 489 (185 NE 708). Of course, this rule may be modified by statute. But, before a statute should receive a construction that would impose continuing liability on one who has separated himself entirely from possession and control, it must be clear that such is its mandate. Here it is at least open to doubt as to whether that construction was intended by the legislature and, under the circumstances, a reasonable interpretation should be applied. It is true that this is a remedial statute and that the law should be liberally construed in favor of the persons it was intended to protect, who, we will assume, include injured visitors. It is impossible, however, to determine which construction of the word 'owner' would ordinarily afford greater security to such injured visitors. Economic conditions and even personal financial ability might vary.

"We hold that the appellant, having parted with possession and control long before the condition complained of arose, was not the one contemplated in the statute when it imposed liability on the 'owner' for lack of ordinary repairs."

The above decision was followed in *Cohen* v. *Home Title Ins. Co.*, 2 NYS2d 245. It may be noted that the court of appeals of the State of New York in *Weiner* v. *Leroco Realty Corporation*, 279 NY 127 (17 NE2d 796), held that the owner of a multiple dwelling could not escape the liability imposed by the statute by leasing the entire building to another party. Obviously the lease involved created the relationship of landlord and tenant, and the court in its opinion pointed out that the former had the right to enter the premises at all reasonable hours for the

purpose of examining the same and making repairs and alterations that might be necessary from the standpoint of safety. Clearly under such a lease the practical situation involved is not analogous to that in the case at bar.

The court of appeal of Louisiana in *Heath* v. *Suburban Building & Loan Association*, 163 S 546, recognized and applied the general principle that a defendant owner of the legal title but having no right to enter on premises for the purpose of making repairs cannot be held liable for failure to do so. Such principle is in accord with the holding of this Court in *Oxenrider* v. *Gvoic*, 340 Mich 591. It was there held that the owner of a building which had been taken over by the city of Detroit for demolition because of its unsafe condition could not be held liable for damages resulting to adjoining property due to the collapse of said building. Emphasis was placed on the fact that the defendant owner was legally prevented from making repairs because of the action of the city. This decision was followed in *Tucker* v. *Gvoic*, 344 Mich 319.

Under the admitted facts involved in the instant case we think the trial judge was right in granting the motion to dismiss. The theory is untenable that the legislature intended to impose a duty, and liability for nonobservance, on the holder of the legal title to a building for failure to inspect and make reasonable repairs when the right to the possession, management, and control of such building is legally in another. We cannot give to the provision of the housing law in question here the interpretation contended for on behalf of plaintiff without raising serious questions of constitutional law of the character involved in *Daugherty* v. *Thomas*, 174 Mich 371 (45 LRA NS 699, Ann Cas 1915A, 1163). The statutory provision that counsel for plaintiff has invoked must be given a reasonable interpretation,

and we are in accord with the opinion of the circuit judge in so doing.

The order of dismissal from which plaintiff has appealed is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.