LEONA H. BRADY, Respondent, v. RUDIN MANAGEMENT Co., INC., et al., Defendants, and 65 CENTRAL PARK WEST CORPORATION, Appellant.

First Department, April 11, 1961.

*Patrick E. Gibbons* of counsel (*Galli, Terhune, Gibbons & Mulvehill,* attorneys), for appellant.

*Harry I. Stein* of counsel (*Morris H. Bergreen,* attorney), for respondent.

McNally, J. The question presented is whether this action is one for a personal injury resulting from negligence barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), or one upon a liability created by statute governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 2).

The complaint alleges the failure on the part of the defendant-appellant, owner of a multiple dwelling, to keep in good repair a refrigerator located in plaintiff's apartment proximately causing personal injuries to her. Liability is grounded on subdivision 1 of section 78 of the Multiple Dwelling Law.

Liability in tort with respect to lands and buildings, generally, depends on occupation and control. (*Cullings* v. *Goetz,* 256 N. Y. 287.) The plaintiff here may not rely on any common-law duty owing to her because she and not the defendant-appellant occupied and controlled the premises. The Multiple Dwelling Law alone imposes on the owner the duty to repair premises in the possession of the tenants.

The common-law liability to repair of the owner of a multiple dwelling was limited to the common parts. The Multiple Dwelling Law extended the owner's duty to repair to every part of the multiple dwelling and created liability on the part of the owner to the occupants thereof for personal injuries resulting from the failure to keep in repair the demised portions. (*Altz* v. *Leiberson,* 233 N. Y. 16.)

In *Schmidt* v. *Merchants Despatch Transp. Co.* (270 N. Y. 287, 305) the test to be applied in determining whether a liability is created by statute within the meaning of subdivision 2 of section 48 of the Civil Practice Act was stated as follows: " A statute ' creates ' no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise ' which would not exist but for the statute.' (*Shepard* v. *Taylor Pub. Co.,* 234 N. Y. 465, 468.) The statute may in express terms give to an injured person a

cause of action for such damages. Difficulty arises only where the statute does not, in express terms, make any provision for such a cause of action. Then the problem is whether such a provision should be implied.''

The *Schmidt* case also suggests the creation of a statutory liability involves the introduction of a duty '' not measured by the usual norm of what a reasonably prudent man would do under the same circumstances '' (p. 303). In *Schmidt* the duty imposed by the statute was one to equip machinery creating dust and impurities with an exhaust fan sufficient to remove such dust and impurities. *Schmidt* was an action by an employee against his employer. Implicit in the relationship of master and servant is the duty of the master to exercise reasonable care in furnishing a safe place to work, the breach of which is negligence. It was, therefore, necessary in *Schmidt* to demonstrate that the statute relied on established a duty other than one of reasonable care. *Schmidt* did not involve a relationship devoid of the common-law duty to exercise reasonable care as in the instant case of a tenant of an apartment in a multiple dwelling complaining of the failure to maintain an appliance within the apartment. The *Schmidt* test is met when the disregard of the statute gives rise to a liability which would not otherwise arise. *Schmidt* rests upon the imposition by statute of a duty other than and in addition to the duty to exercise reasonable care incident to the master and servant relationship; the statute in the instant case imposes upon the owner of a multiple dwelling the duty to maintain (a tenant's apartment) in good repair which was not previously an incident of the relationship.

In *Sicolo* v. *Prudential Sav. Bank of Brooklyn* (5 N Y 2d 254) the statute underlying the action (General Municipal Law, § 205-a) created a cause of action '' In addition to any other right of action or recovery under any other provision of law '' for a member of any fire department injured because of negligence in failing to comply with any '' statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments ''. Plaintiff there relied on the violation of the New York City Administrative Code which forbids the use of combustible drapes or curtains under stated circumstances. It is to be noted that the duty imposed by section 205-a of the General Municipal Law is defined only by the omnibus reference to the requirements of '' any '' statute and expressly includes acts of negligence. *Sicolo*, despite the application of the statute to acts of negligence, holds an action grounded on section 205-a is governed by the six-year limitation and not barred by the three-year limitation applicable to an action to

recover damages for personal injuries resulting from negligence. It would seem, therefore, that a statute creates a liability within the meaning of subdivision 2 of section 48 although the newly created liability may be one in negligence provided only that it is a liability previously nonexistent. (See, also, *Cobb* v. *Janoff,* 27 Misc 2d 21; *Moore* v. *Bryant,* 27 Misc 2d 22.)

This action is one for damages resulting from the breach of a duty nonexistent prior to the statute here involved and therefore a liability thereby created.

The order striking the defense of the three-year Statute of Limitations should be affirmed, with costs to plaintiff-respondent.

BREITEL, J. P. (concurring). I concur in the result recommended by Mr. Justice McNALLY.

The fine opinions in this case demonstrate forcefully that a plausible rationale can be formulated to justify the application of either the shorter three-year Statute of Limitations or the longer six-year Statute of Limitations. This consequence, I believe, is the product of understandable legislative inadvertence in an area crisscrossed by problems and purposes other than arranging time limitations in actions.

The staleness of plaintiff's action lends practical support and temptation to applying the shorter Statute of Limitations. Plaintiff started this action in 1959 for an alleged accident that occurred on April 11, 1954. Realistically, it is an action based on negligence and suffers from the same risks of staleness, regardless of whether the cause of action is "created" or merely "extended" by statute. But, on the other hand, the very harshness of barring plaintiff from judicial remedy would seem to merit clearer legislative direction before that should happen. This is especially indicated since there are such variant cases in applying Statutes of Limitations to statute "created" or "extended" liabilities.

Hence, albeit with great doubt as to its correctness in policy, and with no doubt that the available precedents are not controlling either way, I vote in favor of affirmance and of applying the longer Statute of Limitations.

EAGER, J. (dissenting). The defendant 65 Central Park West Corporation appeals from an order which struck out an affirmative defense setting up the three-year Statute of Limitations applicable to negligence actions. Special Term held that the action was one "to recover upon a liability created by statute, except a penalty or forfeiture" (see Civ. Prac. Act, § 48); and that, therefore, it was governed by the six-year statute rather than the three-year statute.

The amended complaint, to which the defense was imposed, contains two alleged causes of action to recover for alleged personal injuries claimed to have been sustained by plaintiff, a tenant, as the result of an electric shock received from an electric refrigerator in a multiple dwelling owned, controlled and managed by the appellant. The appellant is concerned solely with the first cause of action; and the plaintiff contends and Special Term agreed that such cause was to recover upon a liability created by the Multiple Dwelling Law and that it was governed by the six-year statute.

The amended complaint, in the cause directed against the appellant and others, contains allegations that the appellant's premises '' consisted of a multiple dwelling, under the New York Multiple Dwelling Law, wherein there were three or more apartments in which each of the tenants independently did their own cooking ''; and that the appellant and a certain management company (codefendant Rudin Management Co.) '' represented expressly or impliedly, that they would keep the aforesaid refrigerators in good repair and in good working condition and fit for their intended use within the said apartment.'' But then follow allegations giving indication that the complaint is framed and that the action will be maintained on theory of a negligent breach of duty by defendant, to wit, it is alleged that '' while the plaintiff was lawfully in her apartment, being a tenant therein, and while in the exercise of all due care for her own safety, and due to the carelessness and negligence on the part of the defendant 65 Central Park West Corporation and/or the defendant Rudin Management Co., Inc., their officers, agents, servants, and employees, in permitting the said refrigerator to be and become in a dangerous and defective condition as the result of which the plaintiff sustained a severe electrical shock ''.

Notwithstanding the allegations tending to indicate that plaintiff will in whole or in part rely upon the negligence of the appellant to support a recovery against it, it is the plaintiff's contention as stated in her brief that the action is brought by her '' for violation by the landlord of the provisions of the statute, the Multiple Dwelling Law ''. So assuming (and leaving for later discussion the effect of the general allegations of negligence in the complaint), it is concluded that this statute is not truly one which creates a liability within the meaning of subdivision 2 of section 48 of the Civil Practice Act. '' A statute ' creates ' no liability unless it discloses an intention express or implied that from disregard of a statutory command a liability for resultant damages shall arise ' which would not exist but for the statute.' (*Shepard* v. *Taylor Pub. Co.*, 234 N. Y. 465, 468.) ''

(*Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287, 305.) The question here is whether or not this statute (Multiple Dwelling Law, § 78) creates a liability per se irrespective of negligence. (See *Amberg* v. *Kinley*, 214 N. Y. 531, 535.)

The statute here does not expressly say that the owner of multiple dwelling premises shall be liable for personal injuries occasioned by his failure to keep the premises in repair. It is argued, however, from the plaintiff's standpoint that the statute, providing for a duty on the part of the owner, not existing at common law, to keep in repair the noncommon portions of a multiple dwelling, impliedly creates a liability on the part of the owner for breach of such duty. This does not follow because the duty is not an absolute one. (See decisions cited, *infra*.) Clearly, the effect of the statute was merely to extend the common-law duty of the landlord with respect to repairs so as to obligate him to keep in repair noncommon portions of the building; and, a breach of such duty, as in the case of a breach of a common-law duty, would merely constitute negligence.

It has never been authoritatively held that the statute creates a per se liability independent of negligence. Quite the contrary, the controlling decisions generally speak of the statute as creating a duty which is not absolute and the breach of which is negligence. '' The law imposes on the owner of a multiple dwelling such as this the duty to keep it in good repair (Multiple Dwelling Law, § 78). The duty is not absolute but arises after notice, actual or constructive, of the dangerous condition (*Altz* v. *Leiberson*, 233 N. Y. 16, 18; *Fish* v. *Estate of McCarthy*, 224 App. Div. 160 * * *). If the owner failed in such duty and such failure caused or contributed to plaintiff's injuries, the owner is guilty of active negligence.'' (*Shass* v. *Abgold Realty Corp.*, 198 Misc. 1052, 1054.) To same effect, see *Century Ind. Co.* v. *Arnold*, 153 F. 2d 531, 533, where the Federal Court of Appeals, Second Circuit, specifically held that it was '' not the New York law '' that the owner of an apartment house was, by virtue of section 78 of the Multiple Dwelling Law, '' under an absolute duty to keep the premises in good repair ''; that '' [a]ctual or constructive notice of the dangerous condition is an essential element of liability '', citing *Altz* v. *Leiberson* (*supra*); *Becker* v. *Manufacturers Trust Co.* (262 App. Div. 525, 527, reargument denied 263 App. Div. 810); *Collins* v. *Noss* (258 App. Div. 101, affd. 283 N. Y. 595) and *Dittiger* v. *Isal Realty Corp.* (290 N. Y. 492, 496). (See, also, Ann. 17 A. L. R. 2d p. 722, and cases cited; see, also, *Tkach* v. *Montefiore Hosp.*, 289 N. Y. 387.)

Finally, and in any event, in view of the general allegations of negligence in the particular complaint, it is improper at this stage of the action to strike the defense setting up the three-year statute applicable to negligence actions. A recovery by the plaintiff on the theory of negligence is possible under this complaint. Under the allegations, the plaintiff may very well take the position at the trial that the gravamen of her action is negligence and that a violation of the provisions of the Multiple Dwelling Law are merely additional grounds urged as negligence or to support a recovery.

Where, as here, on a motion to strike out the defense of a particular Statute of Limitations as inapplicable, the true nature of the cause of action alleged by plaintiff is not free from doubt, speculation should not be indulged in to determine whether or not the cause of action is barred by some Statute of Limitations. Under such circumstances, the motion should be denied and the determination of the applicability and sufficiency of the defense should await a full development of the facts upon the trial of the action. (See *Nasaba Corp.* v. *Harfred Realty Corp.,* 287 N. Y. 290; *Glens Falls Ins. Co.* v. *Reynolds,* 3 A D 2d 686; *Long Is. R. R. Co.* v. *Grossman,* 3 A D 2d 763; *Newfield* v. *East Riv. Sav. Bank,* 263 App. Div. 983.)

The order entered September 9, 1959 granting the motion to strike out the defense of the three-year Statute of Limitations should be reversed, with costs, and the motion denied, with costs.

STEVENS, J., concurs with McNALLY, J.; BREITEL, J. P., concurs in result in opinion; EAGER, J., dissents in opinion, in which STEUER, J., concurs.

Order entered on September 9, 1959, granting plaintiff's motion to strike out the defense of the three-year Statute of Limitations, affirmed, with $20 costs and disbursements to the respondent.