Louis B. Heller, J.
Defendant moves pursuant to rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint upon the ground that the action is barred by the three-year Statute of Limitations applicable to actions in negligence (Civ. Prac. Act, § 49, subd. 6).
This action is brought to recover for personal injuries alleged to have been sustained on October 25,1955 by plaintiff Natividad Rodriquez (hereinafter called “ plaintiff ”), and for consequential loss of services suffered by plaintiff’s husband, allegedly *240 resulting from explosion of a refrigerator which had been installed by defendant in plaintiff’s apartment located in a multiple dwelling owned by defendant. The complaint contains no express allegation of negligence but predicates recovery upon a violation of section 78 of the Multiple Dwelling Law.
Section 78 afore-mentioned imposes upon the owner of a multiple dwelling the duty of keeping every part of such premises in good repair. By virtue of this provision, as presently contained in the Multiple Dwelling Law and as formerly found in the Tenement House Law, the civil liability imposed at common law for injuries resulting from failure to keep in repair those portions of a multiple dwelling which are used in common was extended to cover injuries occurring in tenants’ apartments as well (Altz v. Leiberson, 233 N. Y. 16; see cases collected, 17 A. L. R. 2d 708, 709); and, a refrigerator installed in a tenant’s apartment by the landlord is a part of the premises as to which there is a duty of repair under section 78 (People v. Robertson, 281 App. Div. 990).
It appears without dispute from the papers submitted on the instant motion that the present action was commenced on October 26, 1961, more than three years after occurrence of the alleged accident and just three days short of expiration of the six-year period immediately following upon said alleged accident. It follows from the foregoing that, if the three-year Statute of Limitations governing actions in negligence is applicable, the plaintiff’s cause of action (and the derivative cause of action as well) is barred and defendant is entitled to summary judgment in his favor. If, on the other hand, the plaintiff’s cause of action, as plaintiff contends, is created by section 78 of the Multiple Dwelling Law and is, therefore, a liability created by statute, the six-year Statute of Limitations applicable to an action to recover upon a liability created by statute (Civ. Prac. Act, § 48, subd. 2) would govern and would require a denial of the defendant’s motion for summary judgment.
Upon a careful consideration of this question, the court is of the opinion that the three-year Statute of Limitations is applicable to the instant action, and the motion for summary judgment dismissing the complaint is accordingly granted (see Brady v. Rudin Management Co., 11 N Y 2d 681, revg. 13 A D 2d 80). Section 78 of the Multiple Dwelling Law does not, in the court’s view, create a liability per se independent of negligence. Thus, it has been held that the duty to repair is not absolute, but arises after notice, actual or constructive, of the dangerous condition (Altz v. Leiberson, supra; Fish v. Estate of McCarthy, 224 App. Div. 160, affd. 253 N. Y. 571; Shass v. Abgold *241 Realty Corp., 198 Misc. 1052). The other elements, in addition to notice, constituting such negligence as would be actionable at common law, including that of requisite control on the part of an owner of premises, remain integral parts of a cause of action predicated upon a violation of section 78 of the Multiple Dwelling Law. Since these elements would spell out a duty to repair such as existed at common law, no new liability is created by the statute here involved (see Brady v. Rudin Management Co., supra).
The contention advanced by plaintiff that section 78 imposes a duty to repair that is independent of the element of control which is required to be shown in an action in negligence at common law, is rejected as unsound. The owner’s duty to repair, imposed by section 78, necessarily imports a retention of such measure of control by the owner as will permit him to comply with the provisions of the statute. A duty to maintain premises in safe repair of necessity implies a duty, and a right, of general supervision adequate to the end to be achieved under the statute. This right and duty carry with it such reservation of control to the owner as is requisite to tort liability at common law. (See De Clara v. Barber S. S. Lines, 309 N. Y. 620, cited by the Court of Appeals in the Brady case, supra.) Opposite is the following language taken from Judge Fuld’s opinion in the De Clara case (309 N. Y. 620, 630): “ A landlord who has the right to come and go upon the leased premises as he pleases for the purpose of inspection and repair and who is at liberty to correct any defect as soon as it is found, must be regarded as having thereby reserved a privilege of ownership, sufficient to give rise to liability in tort.”