HOCKENHULL *v* CUTLER HUBBLE, INC

1. JUDGMENTS—JUDGMENT NOTWITHSTANDING THE VERDICT—APPEAL AND ERROR.

An appellate court, in review of a judgment notwithstanding the verdict, views the proofs in the case in the light most favorable to the plaintiff.

2. LANDLORD AND TENANT—DUTY TO INSPECT AND REPAIR—APARTMENT STOVE.

Any duty imposed on the landlord to inspect and repair an apartment stove must be based on a statute since a landlord has no such duty at common law (MCLA 125.471).

3. LANDLORD AND TENANT—DUTY TO INSPECT AND REPAIR—STATUTE —CONSTRUCTION.

The statute imposing a duty to inspect and repair rental premises upon the landlord should be liberally construed in favor of those it was designed to protect (MCLA 125.471).

4. LANDLORD AND TENANT—DUTY TO INSPECT AND REPAIR—EXTENT OF DUTY—GAS STOVE.

The statute imposing a duty to inspect and repair rental premises upon a landlord requires that the landlord repair all defects in the rental dwelling which he knows of, or should know of, including a gas cooking stove if it is shown that it was supplied to the tenants (MCLA 125.471).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 885, 886.
[2–6] 49 Am Jur 2d, Landlord and Tenants § 767 *et seq.*
[4–6] Landlord's liability for personal injury or death due to defects in appliances supplied for use of different tenants. 25 ALR2d 576.

5. LANDLORD AND TENANT—DUTY TO INSPECT AND REPAIR—EVIDENCE.
    Liability of a landlord, based upon his statutory duty to in-
        spect and repair rental premises, for injury to a tenant caused
        by a defective item on the rental premises is conditioned upon
        a showing that the landlord or his predecessor in interest
        provided the item for the tenant, that he knew or should
        have known of the defect, and that thereafter he failed to
        make the necessary repairs (MCLA 125.471).

6. LANDLORD AND TENANT—DUTY TO INSPECT AND REPAIR—GAS STOVE
    —EVIDENCE.
    A landlord was not liable for the deaths of tenants caused
        by carbon monoxide produced by a defective gas cooking
        stove on the rental premises, even though the stove was on
        the premises when the tenants moved in, where it was pos-
        sible that the stove could have been provided by two other
        families who were occupying the apartment when the tenants
        moved in and there was no showing that the stove was pro-
        vided by the  landlord or his predecessor in interest (MCLA
        125.471).

Appeal from Wayne, Neal Fitzgerald, J. Sub-
mitted Division 1 February 3, 1972, at Detroit.
(Docket No. 10226.) Decided March 21, 1972.
Leave to appeal denied, 387 Mich 809.

Complaint by Willie Mae Hockenhull, adminis-
tratrix of the estates of Martha Hearns, Marsha
Gordon, and Sammie Mae Hearns, against Cutler
Hubble, Inc., C. Frank Hubble, and J. Adeline Hub-
ble for damages from the death of the decedents
caused by a defective gas stove on premises leased
from defendants. Verdict for plaintiff. Judgment
notwithstanding the verdict for defendants. Plain-
tiff appeals. Affirmed.

*Harold E. Bledsoe* and *Goodman, Eden, Robb,
Millender, Goodman & Bedrosian* (by *Charles J.
Barr*), for plaintiff.

*Chris M. Youngjohn,* for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J.   Plaintiff Willie Mae Hockenhull is the administratrix for the estates of her daughter, Martha Ray Hearns, and her granddaughters, Marsha Gale Gordon and Sammie Mae Hearns. Plaintiff brought this action against defendants Cutler Hubble, Inc., C. Frank Hubble, and J. Adeline Hubble, the owners of an apartment building where decedents had resided, for failure to inspect and repair a gas cooking stove located in decedents' apartment. Decedents' deaths had resulted from carbon monoxide poisoning caused by a blocked vent in the stove. The jury returned a verdict in favor of the plaintiff in the amount of $100,000. Following the verdict defendants filed a motion for judgment notwithstanding the verdict which was subsequently granted by the trial judge. From this judgment notwithstanding the verdict, plaintiff appeals as of right.

In reviewing a judgment notwithstanding the verdict, we view the proofs in the case in the light most favorable to plaintiffs. *Kasza* v *Detroit,* 370 Mich 7, 11 (1963). The evidence therefore establishes the following facts.

Plaintiff's decedents had resided as tenants in the apartment owned by defendants at the time of the carbon monoxide poisoning. When Mrs. Hearns and her two children moved into the apartment in 1957, there were two families already living there. There were two gas cooking stoves located in a communal kitchen area. Mrs. Hearns owned her own stove and had it installed in another room in the apartment. Tests showed that the defective carbon monoxide-producing stove was one of the

two stoves present when Mrs. Hearns moved into the apartment.

In 1961, defendants purchased the building in which Mrs. Hearns and her children resided. At no time subsequent to this purchase did defendants inspect the gas stoves in the apartment. Mrs. Hearns never complained about the stove to defendants.

Approximately May 15, 1965, defendants ceased to provide heat to the apartment. Thereafter and until the death of her children, Mrs. Hearns proceeded to use the cooking stove to provide the apartment with heat whenever it became cold. The defective stove was located near the children's bedroom.

During the last two weeks of May 1965, the two little girls underwent a marked loss of weight and exhibited bizarre behavior. The girls were hospitalized on June 11, 1965. Sammie Mae Hearns died on June 14, 1965. Marsha Gale Gordon died on June 17, 1965. Mrs. Hearns never again spoke from the time of the girls' deaths until her own on May 23, 1966. An examination of the decedents' apartment disclosed that the carbon monoxide poisoning resulted from a blocked vent in the gas stove which was in the apartment when decedents moved in. The autopsies on all three decedents disclosed the presence of brain damage consistent with carbon monoxide poisoning.

The central issue in this case is whether defendants had a duty to inspect and repair the gas stove in question, in the absence of such a request by the tenants themselves. The trial judge held that a landlord did not have such a duty.

If any duty to inspect and repair an apartment stove exists, it must be based on a statute since a

landlord has no such duty at common law. MCLA 125.471; MSA 5.2843 states:

"Every dwelling and *all the parts thereof* including plumbing, heating, ventilating and electrical wiring shall be kept in good repair by the owner. The roof shall be so maintained as not to leak and the rain water shall be drained and conveyed therefrom through proper conduits to the sewage system in accordance with plumbing regulations so as to avoid dampness in the walls and ceilings and insanitary conditions." (Emphasis supplied.)

In *Annis* v *Britton,* 232 Mich 291, 294 (1925), the Michigan Supreme Court was called upon to interpret this statute.

"If plaintiff has any right to recover damages in an action of tort it is because the statute of 1917 required defendant to keep the premises in repair. This, of course, imports that the need of repair in fact existed, was known to defendant, or his agent having charge of the premises, or should have been known had reasonable supervision been exercised in obedience to the statutory mandate and of neglect thereafter to make repair. Such a right is bottomed upon negligence arising out of a failure to perform a duty imposed by statute."

The Michigan Supreme Court has in addition found that this remedial statute should be liberally construed in favor of those it was designed to protect. *Morrison* v *Brown,* 360 Mich 460 (1960). A careful reading of this statute convinces this Court that the use of the words "and all part thereof including" means that the list supplied by the statute was not exhaustive but merely exemplary. A liberal construction of this statute as required by our Supreme Court necessitates the finding by this Court that defendants had a duty under the statute to repair all defects in the dwelling which they knew

of or should have known of, including a gas cooking stove if it is shown that it was supplied to the tenants. New York, which has a similar statute, has also held that if a landlord's duty to repair is shown, it includes appliances he has supplied to the tenant. See *People* v *Robertson,* 281 App Div 990; 120 NYS2d 883 (1953), and *Rodriquez* v *Levin,* 36 Misc 2d 239; 232 NYS2d 108 (1962).

The fact that this statute is interpreted by this Court to mean that a landlord must keep a gas stove supplied to a tenant in good repair does not of itself impose liability on the defendant. It must still be shown that the defendant or his predecessor in interest provided the stove for the tenant, that he knew or should have known of the defect, and thereafter failed to make the necessary repairs. The record in this case fails to disclose any evidence which showed that the defective stove was provided decedents by the defendant or his predecessor in interest. Since two other families were living in the same apartment at the time decedents moved in, it is entirely possible that these stoves belonged to them. There being no evidence presented on this point, the jury's determination that defendant was responsible for this stove must have been based on mere speculation. The trial court was consequently correct in granting a judgment notwithstanding the verdict.

Affirmed.

All concurred.