# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY DAVIES,

Plaintiff-Appellant,

v

DAVID SHEETS,

Defendant-Appellee.

UNPUBLISHED
September 8, 2015

No. 320765
Ingham Circuit Court
LC No. 12-001293-NO

Before: BORRELLO, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

Plaintiff, Timothy Davies, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Davies brought this action against his landlord, David Sheets, after his back patio collapsed while he was standing on it and caused him to sustain injuries. We affirm.

## I. FACTUAL BACKGROUND

During the term of Davies's lease of a residential property from Sheets, the front yard required extensive drain repairs. Davies testified at his deposition that he informed Sheets that a significant portion of the front yard was damaged and concrete was cracked around the front of the house and sidewalk. At around 3:00 a.m. on March 19, 2012, Davies let his dogs into the back yard and was standing on the corner of the back patio when it cracked. Davies fell and sustained injuries.

Sheets moved for summary disposition under MCR 2.116(C)(10), alleging that he was only liable for defects that he knew or should have known about. Sheets contended that he did not have constructive knowledge of the defect that caused the back patio to collapse because there was no evidence that he would have noticed damage to the patio on a casual inspection. The trial court agreed, concluding that and that Davies did not present evidence to show that a casual inspection would have revealed the defect affecting the back patio.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material

-1-

fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). We review de novo questions of statutory interpretation. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009).

To survive a motion for summary disposition, once the nonmoving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show that disputed issues exist. CR 2.116(G)(4); *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The nonmoving party "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Id*. at 362. If the nonmoving party does not make such a showing, the trial court properly grants summary disposition. *Id*. at 363.

## III. CONSTRUCTIVE NOTICE

Davies contends that the trial court erred in granting summary disposition because after he complained about the condition of the premises, Sheets had a duty to inspect them. According to Davies, had Sheets inspected the premises, he would have discovered the condition of the foundation that caused the corner of the back patio to collapse. We disagree.

A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). A premises owner has a duty to protect invitees—persons who enter the owner's premises at his or her express or implied invitation— from hidden or latent defects on his or her property. *Id*. at 90-91. A tenant is an invitee onto a landlord's premises. *Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001).

"The mere existence of a defect or danger is not enough to establish liability[.]" *Kroll v Katz*, 374 Mich 364, 373; 132 NW2d 27 (1965) (quotation marks and citation omitted). The landowner has the duty "to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). A landowner is only liable for injuries caused by dangerous conditions that he or she knew of or, using reasonable care, should have discovered. *Id*. Generally, this means that the landowner is liable for a dangerous condition when it is "of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001) (quotation marks and citations omitted). However, a landowner "cannot avoid liability for the harms caused by a dangerous condition on his or her property by claiming ignorance of its existence if in the exercise of reasonable care the premises possessor should have discovered it." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 575; 844 NW2d 178 (2014).

A landlord has the additional duty to "keep the premises in reasonable repair during the term of the lease . . . ." MCL 554.139(1)(b). This duty only extends to reasonable repairs that the landlord knew or should have known about. See *Raatikka v Jones*, 81 Mich App 428, 430-

431; 265 NW2d 360 (1978). Michigan's housing laws "do not impose a duty upon the landlord to inspect the premises on a regular basis to determine if any defects exist." *Id*.; see also *Hockenhull v Cutler Hubble, Inc*, 39 Mich App 163, 168; 197 NW2d 344 (1972).

In this case, Sheets contended that there was no question of fact regarding whether a casual inspection would have revealed the damage to the foundation that caused the back patio to collapse. Sheets supported his assertion with Davies's testimony that neither he nor his girlfriend noticed anything wrong with the back patio after the drain repairs. Davies testified that he had not noticed anything wrong with the patio on his inspection before he moved in and did not notice anything different about the patio after the sewer repairs. He only noticed a change in the patio "after it broke."

In response, Davies did not offer any evidence that a casual inspection would have uncovered the underlying foundation issues. Davies offered photographs of the patio taken after its collapse, which provided no evidence of how the patio would have looked during a casual inspection before it collapsed. The standards of MCR 2.116(C)(10) required Davies to set forth specific facts showing that a casual inspection could have uncovered the damage to the patio and foundation. Davies provided no evidence that Sheets could have discovered the defect using reasonable care. Because Davies did not do so, the trial court properly granted summary disposition.

Additionally, this case is different from *Grandberry-Lovette*, in which this Court held that a landowner had a duty to inspect steps and, had he done so, there was a question of fact regarding whether he would have discovered their dangerous condition. *Grandberry-Lovette*, 303 Mich App at 584. In that case, the defendant had previously repaired a brick staircase and testified that he knew that it was normal for bricks to come loose in Michigan winters. *Id*. at 570-571.

In this case, there was no evidence that Sheets had previously repaired the back patio, nor was there evidence that Sheets knew of a recurring condition that could damage the patio. Most importantly, the question in *Grandberry-Lovette* was whether the premises owner had a duty to inspect. The question in this case is whether, had Sheets performed an inspection using reasonable care, he would have discovered the defective condition of the back patio. Simply because whether Sheets could have discovered the defect is a question of fact does not absolve Davies of his responsibilities under MCR 2.116(C)(10), which required him to go beyond the pleadings and provide specific facts to show that an issue of disputed fact existed. Davies did not do so in this case.

We affirm.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell