RHOADES *v.* SEIDEL.

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURY TO TEN-
ANT—LIABILITY OF LANDLORD.

   Where defendants leased to plaintiff a house containing an open
   sewer, which after some two weeks began to emit noxious
   gases, causing sickness, defendants were not liable on the
   ground that they rented the premises in a defective condition,
   inasmuch as they did not know and were not chargeable with
   knowledge of the defect at the time the premises were rented.[1]

2. SAME—REPAIRS—DUTY TO MAKE.

   Where a landlord does not agree to make repairs, he is under no
   obligation to make them.

3. SAME—AGREEMENT TO REPAIR—CONSIDERATION.

   Where, after the execution of a lease not obligating the land-
   lord to make repairs, he agrees so to do, the agreement is
   without consideration and unenforceable.

4. SAME—FAILURE TO PERFORM—NEGLIGENCE.

   Where, after premises were leased, an open sewer thereon be-
   gan to emit sewer gas, and the landlord promised to remedy
   the defect, but failed in an attempt to do so, and the tenant
   became sick in consequence of the gas, the landlord was not
   liable on the ground that the agreement to repair was negli-
   gently executed.

Error to Wayne; Donovan, J. Submitted February
10, 1905. (Docket No. 126.) Decided April 4, 1905.

Case by Joseph A. Rhoades against August F. Seidel
and Victoria Seidel for damages caused by the defective
condition of a house rented from defendants. There was
judgment for defendants on a verdict directed by the
court, and plaintiff brings error. Affirmed.

*Lodge, Trevor & Brown,* for appellant.

*Louis C. Wurzer (May, Denby & O'Brien,* of coun-
sel), for appellees.

[1] As to liability of landlord for injury to tenant from defect in
premises, see note to *Hines* v. *Willcox* (Tenn.), 34 L. R. A. 824.

CARPENTER, J.   Plaintiff leased a house from defend-
ants.   While occupying this house he was taken ill with
typhoid fever.   He alleges that this disease was caused
by a noxious gas and discharge emanating from an open
sewer in the rented house.   He brings this suit to recover
damages.   His testimony tends to prove that he entered
into the occupancy of the house under defendants' assur-
ances that it was all right.   No arrangement was made
about repairs.   He was a tenant from month to month.
In the cellar was an open drain, which defendants intend-
ed should later be used to make connections for a closet
or bath tub.   About two weeks after the tenancy com-
menced, there came from this drain an odorous gas, which
plaintiff says was a sewer gas.   Later there came from it
a nasty liquid discharge.   About two weeks after he
noticed this gas, plaintiff notified defendants.   Defend-
ant August promised to fix it, and came on the premises
and made an attempt to do so.   This was ineffectual, as
plaintiff knew.   He left, giving plaintiff directions to
stop the discharge by a stream of running water.   This
plaintiff tried, but it also proved ineffectual.   A week
later plaintiff notified defendants that the trouble was get-
ting worse.   Defendant August came again, and made
another ineffectual attempt to remedy the difficulty, and
he left after repeating his directions to use a stream of
running water.   This plaintiff tried the second time, and
a second time it proved ineffectual.   About two weeks
later—on the day before plaintiff was taken ill—defend-
ants were again notified, and made another ineffectual at-
tempt to remedy the difficulty.   On this evidence the trial
court directed a verdict in defendants' favor.   The ques-
tion raised on this appeal relates to the correctness of this
direction.

Defendants' liability must rest either upon the ground
that they rented the premises in a defective condition, or
that after notice they wrongfully neglected to remedy the
defect.   The liability of a landlord to a tenant for injur-
ies resulting from defects existing at the time premises
139 Mich.—39.

are leased extends only to defects which he knows or which he should know, and which are not open to the observation of the tenant. See 1 Taylor on Landlord & Tenant, § 175*b*, and cases cited. *Willcox* v. *Hines*, 100 Tenn. 538 (41 L. R. A. 278), relied upon by plaintiff, does not extend this rule beyond the above statement. This open sewer was as well known to the plaintiff as to the defendants. It is true that the plaintiff did not know that a noxious gas or discharge would come from it. It is equally true that the defendants did not know that.

It is contended, however, that as the sewer was built under instructions given by them, defendants should have known that it would emit this noxious gas and discharge. This contention assumes that the instructions given by defendants contemplated that no precautions whatever should be taken to prevent the escape of gas. This assumption is unwarranted. Indeed, there was no evidence that the sewer was originally constructed without precautions being taken to prevent the escape of gas. The fact that gas did not escape for two weeks warrants the belief that such precautions were taken, and that through defective workmanship they proved entirely inadequate. We cannot hold defendants responsible upon the ground that a defect existed at the time of the letting without declaring that a landlord is a guarantor to a tenant of the competence and skill of plumbers and other workmen employed in constructing the building. It is clear he is not such a guarantor. See *Willcox* v. *Hines*, supra.

Are defendants liable because they did not, after notice, remedy the defect? They had not agreed to make repairs, and therefore they were under no obligation to make them. See *Gregor* v. *Cady*, 82 Me. 135; *Gill* v. *Middleton*, 105 Mass. 477. Their agreement to make repairs, testified to by plaintiff, made after the premises were leased, was without consideration, and therefore unenforceable. See *Libbey* v. *Tolford*, 48 Me. 316.

Plaintiff relies upon authorities (see *Gregor* v. *Cady*,

82 Me. 131; *Gill* v. *Middleton*, 105 Mass. 477; *Wertheimer* v. *Saunders*, 95 Wis. 573 [37 L. R. A. 146]; *Little* v. *Macadaras*, 29 Mo. App. 332) which hold that, if a landlord voluntarily undertakes to repair, he is responsible for injuries resulting from the negligent performance of his undertaking. The principle of these cases is inapplicable to the case at bar. Here plaintiff was injured not by reason of negligence in the performance of the voluntary undertaking, but because that undertaking was not, as he knew, carried out. It may be said in this case that the landlord, to the tenant's knowledge, neglected to perform his undertaking to remedy the defect. Plaintiff's complaint, then, must rest upon the proposition that a landlord has no right to refuse to perform a voluntary undertaking to remedy a defect. To assert that proposition is to deny the elementary principle that a promise based on no consideration is not enforceable.

We conclude that there was no ground upon which defendants could be held liable, and the verdict in their favor was properly directed.

Judgment affirmed.

McALVAY, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.