## ANNIS *v.* BRITTON.

1. LANDLORD AND TENANT—EXISTENCE OF RELATION.

Where one took possession of a house without consulting the owner, but later paid rent, the relation of landlord and tenant existed, although no lease or other agreement was made.[1]

2. SAME—COMMON-LAW RULE THAT LANDLORD IS NOT REQUIRED TO REPAIR PREMISES ABROGATED BY STATUTE.

Act No. 167, Pub. Acts 1917, in force in cities having a population of 10,000 or more, abrogates the common-law rule that a landlord, in the absence of covenants on his part, is not required to repair leased premises.[2]

[1]Landlord and Tenant, 35 C. J. § 22; [2]Id., 36 C. J. § 770.

**3.** SAME—ACTION BY TENANT WITHOUT LEASE MAY NOT BE BASED ON BREACH OF CONTRACT.

    A tenant who had no lease or other agreement, but merely paid rent, could not base an action for personal injuries caused by a defect in the premises upon a breach of any contract duty resting on the landlord.[3]

**4.** SAME—BREACH OF CONTRACT DUTY NO BASIS FOR TORT ACTION.

    A breach by a landlord of a contract duty to keep leased premises in repair would not admit of an action of tort.[4]

**5.** SAME—STATUTORY DUTY OF LANDLORD TO REPAIR—TORT ACTION MAY BE BROUGHT BY TENANT FOR DAMAGES CAUSED BY FAILURE TO REPAIR.

    Under Act No. 167, Pub. Acts 1917, in force in cities having a population of 10,000 or more, it is the duty of the owner of a leased dwelling to keep it in repair, and for failure to do so he is negligent *per se*, and if such negligence is the proximate cause of injury to the tenant the owner is liable in damages in an action of tort.[5]

**6.** APPEAL AND ERROR — APPELLATE COURT WILL NOT CONSIDER QUESTION NOT ARGUED OR RAISED IN RECORD.

    The Supreme Court will not pass upon the question of whether the declaration, in an action for personal injuries caused by a defect in a leased dwelling, should plead the owner's statutory duty to keep in repair, where it is not argued or raised upon the record.[6]

Error to Genesee; Barton (Joseph), J., presiding. Submitted June 5, 1925. (Docket No. 56.) Decided October 1, 1925.

Case by Mary Annis against Edwin R. Britton for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Bishop, Blackney & Church,* for appellant.

*Clarence Tinker,* for appellee.

WIEST, J. Defendant owned a dwelling house in the city of Flint. In February, 1918, plaintiff found

[3]Landlord and Tenant, 36 C. J. § 874 (Anno); [4]Id., 36 C. J. § 793; [5]Id., 36 C. J. §§ 770, 886 (Anno); [6]Appeal and Error, 3 C. J. § 1462; 4 C. J. § 3059.

the house vacant, took possession without consulting the owner, and started to keep boarders and roomers. She soon learned the name of the agent of the owner and paid rent.    This brought about the relation of landlord and tenant although no lease or other agreement was made.    In December, 1919, she was cleaning some rooms on the second floor above the basement, went out on a rear porch, 18 feet above the ground, to empty a dustpan of soot, placed a hand on the porch rail to steady herself and tossed out the soot.    The railing gave way and she fell to the ground, receiving serious and permanent injury.    She brought this suit in tort against the owner, claiming he knew, or should have known, of the dangerous condition of the porch railing and did not repair the same.    At the conclusion of the proofs the trial judge entered judgment for defendant, evidently basing decision upon the cases of *Burtis* v. *Davison,* 199 Mich. 14, and *Kuyk* v. *Green,* 219 Mich. 423.    Plaintiff is here by writ of error.

The declaration appears to plant right of action upon breach of duty, arising out of contract relations, and upon fraudulent concealment of the condition of the premises, although there is also a general allegation of duty on the part of the owner to keep the premises in repair and of his failure to do so.    Plaintiff invokes the following provision of the State housing law:  "Every dwelling and all the parts thereof shall be kept in good repair by the owner."  *  *  * Act No. 167, Pub. Acts 1917, § 71 (Comp. Laws Supp. 1922, § 5180 [73]).    This law, in force in cities having a population of 10,000 or more, abrogates the common-law rule stated in *Fisher* v. *Thirkell,* 21 Mich. 1 (4 Am. Rep. 422), and *Petz* v. *Voigt Brewery Co.,* 116 Mich. 418.

Plaintiff was a trespasser when she moved in the house, but, when she paid rent to defendant's agent,

she became his tenant.    Plaintiff could not maintain an action of tort for breach of any contract duty resting upon defendant, for she had no such contract with him and, if there had been a contract requiring defendant to keep the premises in repair, a breach thereof would not admit of an action of tort.    Defendant did not induce plaintiff to rent the premises by fraudulent representations or by any concealment of the defective condition complained of, for she went into possession without the knowledge of the owner. If plaintiff has any right to recover damages in an action of tort it is because the statute of 1917 required defendant to keep the premises in repair.    This, of course, imports that the need of repair in fact existed, was known to defendant, or his agent having charge of the premises, or should have been known had reasonable supervision been exercised in obedience to the statutory mandate and of neglect thereafter to make repair.    Such a right of action is bottomed upon negligence arising out of a failure to perform a duty imposed by statute.    The duty in such a case is *ultra* contract, and as soon as there is a tenant in possession of the premises, the statute fixes the duty of the owner, and for failure to obey he is negligent *per se*, and if such negligence is the proximate cause of injury to the tenant he is liable in damages in an action of tort.

We do not pass upon the effect of the statute in case of contract with reference to repairs.    The question here presented was not raised in the *Kuyk Case*, and the statute was not in force at the time of the accident involved in the *Burtis Case*.

In behalf of defendant it is said the housing law is a penal statute and cannot be invoked by plaintiff as a basis for exacting civil accountability from defendant.    The statute imposes a specific duty, and if the negligent failure to perform such duty is the

proximate cause of an accident to the tenant civil accountability may be exacted of the owner.

We do not pass upon the question of whether the declaration, by reference, should plead the statutory duty, as the point is not argued or raised upon this record. This record does not show that the housing law was mentioned at the trial. The declaration does not mention the statute. The trial judge, in directing a verdict for defendant, made no mention of the statute. The plaintiff, in this court, urges right of action by virtue of the statute, and defendant denies any such right, but does not make the claim that the point is here raised for the first time.

We think the learned circuit judge was in error in directing a verdict in favor of the defendant, and the judgment is reversed and a new trial granted, with costs to plaintiff.

McDonald, C. J., and Clark, Bird, Sharpe, Moore, Steere, and Fellows, JJ., concurred.