## HEWARD v. BORIEO

1. Landlord and Tenant—Existence of Relationship—Renting Premises.

   Plaintiffs were tenants, not paying guests or business invitees, of the defendant where the plaintiffs had rented a cottage from the defendant for a seven-day period.

2. Landlord and Tenant—Defective Premises—Known Defects.

   The liability of a landlord to a tenant for injuries resulting from defects existing at the time premises are leased extends only to defects which he knows or which he should know and which are not open to the observation of the tenant.

3. Landlord and Tenant—Defective Premises—Known Defect—Unstable Ground—Question of Fact.

   Questions whether defendant landlord knew, or should have known, of unstable ground condition behind a cottage rented to plaintiffs and of whether plaintiff wife should have observed the ground condition when she attempted to hang up her swimsuit on a clothesline strung between two trees, one at the top of an incline and the other at the bottom, in a dark, unlit area, constituted questions of fact.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 June 11, 1971, at Detroit. (Docket No. 9855.) Decided July 28, 1971.

Complaint by Lucy M. Heward and Walter Heward against Ruth Borieo for personal injuries sus-

References for Points in Headnotes

[1] 49 Am Jur 2d, Landlord and Tenant § 11 et seq.
[2] 49 Am Jur 2d, Landlord and Tenant §§ 771, 772.
[3] 49 Am Jur 2d, Landlord and Tenant §§ 815, 816.

tained on defendant's property. Summary judgment for defendant. Plaintiffs appeal. Reversed and remanded for trial.

*Raymond L. Krell,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Leonard E. Nagi*), for defendant.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

PER CURIAM. At the close of plaintiffs' opening statement, defendant's motion for summary judgment on the ground that plaintiffs had failed to state a claim upon which relief could be granted, GCR 1963, 117.2(1), was granted. Plaintiffs appeal.

Plaintiffs rented a cottage from defendant for a period commencing July 16, 1964, and extending to July 23, 1964. On July 17, 1964, at about 11 p.m., Mrs. Heward, after swimming and changing her clothes, went in back of the cottage to hang up her swimsuit. A clothesline was strung between two trees, one at the top of an incline and the other at the bottom, and the line was located in a dark, unlit area. As she attempted to hang up the swimsuit, the ground allegedly gave way causing her to fall and sustain injuries. Plaintiffs' complaint and opening statement sought damages under theories of negligence and nuisance.

Plaintiffs' claim that they were paying guests and business invitees is invalid. Plaintiffs were tenants of defendant and the duty she owed them is stated in *Rhoades* v. *Seidel* (1905), 139 Mich 608, 609, 610:

"The liability of a landlord to a tenant for injuries resulting from defects existing at the time premises

are leased extends only to defects which he knows or which he should know, and which are not open to the observation of the tenant."

The questions of defendant's knowledge of the defects relied on by plaintiffs, whether she should have known of these defects and whether the defects were open to observation by Lucy M. Heward were questions of fact. Summary judgment was improper.

Reversed and remanded for trial with costs to plaintiffs.