WALLINGTON v CARRY

1. LANDLORD AND TENANT—CONTROL OF PREMISES—DUTY TO INSPECT AND REPAIR—EXTENT OF DUTY.

Generally, in the absence of a statute requiring that a dwelling be kept in good repair by the owner or a special agreement under which an owner retains control of a dwelling occupied by a tenant, a landlord has no duty to inspect or repair rented premises.

2. LANDLORD AND TENANT—DEFECTIVE PREMISES—INJURY TO TENANT —LIABILITY OF LANDLORD—OBSERVABLE DEFECTS.

A lessor is liable to a tenant for injuries resulting from defects existing at the time premises are leased where: (1) the lessor knew or should have known of the existence of the defects; (2) the lessor realized or should have realized the risk of physical injury arising from the defect; (3) the lessor conceals or fails to disclose the existence of the condition to the lessee; and (4) the defect is not observable to the lessee.

3. JUDGMENT—SUMMARY JUDGMENT—PLEADINGS—MATTERS OF LAW— FACTUAL DEVELOPMENTS—RIGHT OF RECOVERY—COURT RULES.

A trial court, in passing upon a motion for summary judgment, must accept as true all well-pleaded facts in the complaint; the court must determine whether a plaintiff's claims are so unenforceable as a matter of law that no factual development could possibly justify a right of recovery (GCR 1963, 117.2[1]).

Appeal from Macomb, Raymond R. Cashen, J. Submitted November 7, 1977, at Detroit. (Docket No. 77-549.) Decided December 6, 1977.

Complaint by Nora Wallington, a minor, by Wallace Wallington as her father and next friend

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur 2d, Landlord and Tenant §§ 774, 778, 779.
[2] 49 Am Jur 2d, Landlord and Tenant §§ 771, 789.
[3] 61 Am Jur 2d, Pleadings § 229 et seq.

against Amelia P. Carry as executrix of the estate of Agnes Knapp, deceased, and Stewart Vanderven seeking damages for injuries suffered by Nora Wallington when she was scalded by hot water from a bathtub faucet. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Gelman & Hand, P. C.,* for plaintiff.

*Douglas J. Callahan,* for defendant Amelia P. Carry.

*Hopping & Boyer,* for defendant Stewart Vanderven.

Before: D. C. RILEY, P. J., and D. F. WALSH and A. C. MILLER,* JJ.

PER CURIAM. Plaintiff appeals from a summary judgment granted in favor of defendants on the ground that plaintiff's complaint failed to state a claim upon which relief can be granted. GCR 1963, 117.2(1). We reverse.

Plaintiff, Nora Wallington, was two years old. She was scalded by hot water from the bathtub faucet in the single family residence rented by her parents. She seeks damages from the co-owners of the premises. The trial court ruled that plaintiff's complaint failed to state a cause of action because it was "absolutely devoid of any factual allegations which could, in any light, be construed as a reservation of control [over the rented premises by] the landlord".

The general rule in Michigan, as the trial court correctly points out, is that in the absence of a statute requiring that a dwelling be kept in good

* Circuit judge, sitting on the Court of Appeals by assignment.

repair by the owner or a special agreement under which an owner retains control of a dwelling occupied by a tenant, a landlord has no duty to inspect or repair rented premises. *Lipsitz v Schechter,* 377 Mich 685; 142 NW2d 1 (1966), *Hockenhull v Cutler Hubble, Inc,* 39 Mich App 163, 166–167; 197 NW2d 344 (1972).

There are, however, exceptions to this rule.

"One exception developed by the common law is that the lessor, like a vendor, is under the obligation to disclose to the lessee concealed dangerous conditions existing when possession is transferred, of which he has knowledge. There is 'something like fraud' in a failure to give warning of known hidden danger to one who enters upon the assumption that it does not exist; and the lessor will be liable to the lessee or to members of his family for his nondisclosure * * * .

"It is not necessary that the lessor shall believe the condition to be unsafe, or even that he have definite knowledge of its existence, before he is under any duty in regard to it. It is enough that he is informed of facts from which a reasonable man would conclude that there is danger; * * * .

"There is of course no duty to disclose conditions which are known to the tenant, or which are so open and obvious that he cannot reasonably be expected to fail to discover them when he takes possession, * * * ." Prosser, Torts (4th ed), § 63, pp 401–402. See also 49 Am Jur 2d, Landlord and Tenant, §§ 788, 789, pp 736–740.

The hidden dangerous condition exception is recognized in Michigan. In *Annis v Britton,* 232 Mich 291; 205 NW 128 (1925), the Court found that the landlord had no common law duty to repair the premises, but it noted that the landlord "did not induce the plaintiff to rent the premises by fraudulent representations *or by any concealment of the defective condition complained of*". *Annis v Britton, supra,* at 294.

In *Rhoades v Seidel,* 139 Mich 608; 102 NW 1025 (1905), the Court ruled:

"The liability of a landlord to a tenant for injuries resulting from defects existing at the time premises are leased extends only to defects which he knows or which he should know, and which are not open to the observation of the tenant."

*Rhoades* was relied upon by this Court in *Heward v Borieo,* 35 Mich App 362; 192 NW2d 668 (1971), in which plaintiff claimed that she suffered injuries as a result of a hidden defect in certain leased premises. Summary judgment for defendant was reversed. The Court held:

"The questions of defendant's knowledge of the defects relied on by plaintiffs, whether she should have known of these defects and whether the defects were open to observation by Lucy M. Heward were questions of fact. Summary judgment was improper."

A lessor, therefore, is liable to a tenant for injuries resulting from defects existing at the time premises are leased where: (1) the lessor knew or should have known of the existence of the defects; (2) the lessor realized or should have realized the risk of physical injury arising from the defect; (3) the lessor conceals or fails to disclose the existence of the condition to the lessee; and (4) the defect is not observable to the lessee. See, Restatement of Torts (2d), § 358 (1965).

In passing upon a motion for summary judgment pursuant to GCR 1963, 117.2(1), the trial court must accept as true all well-pleaded facts in the complaint. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 179–180; 230 NW2d 363 (1975). The court must determine whether

plaintiff's claims are so unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

In this case plaintiff's complaint alleges that defendants were co-owners of the premises rented by plaintiff's parents; that at the time the premises were transferred to plaintiff's parents a bypassed thermostat in the hot water heater which allowed uncontrolled heating of the water constituted a hidden dangerous condition; that each of the defendants was aware of or should have been aware of this hidden dangerous condition; that neither of the defendants notified plaintiff's parents of this hidden dangerous condition nor were plaintiff's parents independently put on notice thereof; and that as a proximate result of this hidden dangerous condition and defendants failure to advise plaintiff's parents plaintiff suffered injury.

These allegations state a claim upon which relief can be granted. Summary judgment under GCR 1963, 117.2(1) was improper.

Reversed and remanded. Costs to appellant.