RAATIKKA v JONES

1. Appeal and Error—Preserving Error—Jury Instructions—
   Timely Objections—Manifest Injustice.

   Plaintiffs fail to preserve claims of error to the jury instructions
   given by a trial court where they did not make timely objec-
   tions to the instructions, but the Court of Appeals will reverse
   to prevent manifest injustice where the instructions given by
   the trial court on the controlling issue of the case were erro-
   neous.

2. Landlord and Tenant—Common Law—Duty to Repair—Latent
   Defects.

   The common-law rule regarding the extent of a landlord's duty to
   repair defective premises provides that the landlord is liable to
   his tenant only for latent defects of which he knows or has
   reason to know.

3. Landlord and Tenant—Michigan Housing Law—Good Repair—
   Common Law—Statutes.

   The Michigan housing law provides that every dwelling and all
   parts thereof be kept in good repair by the owner; the Michigan
   housing law abrogates the common-law rule regarding the
   landlord's duty to repair in the localities where it applies
   (MCLA 125.471; MSA 5.2843).

4. Landlord and Tenant—Michigan Housing Law—City Ordi-
   nances—Duty to Repair—Duty to Inspect—Statutes.

   A landlord may, under provisions of the Michigan housing law
   and city ordinances enacted under that law, be under a duty to
   repair all defects in the premises of which he knew or should

---

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 891.
   75 Am Jur 2d, Trial §§ 906, 908, 909.
[2–4] 49 Am Jur 2d, Landlord and Tenant §§ 774, 775, 778.
   Statute requiring property to be kept in good repair as affecting
   landlord's liability for personal injury to tenant or his privies. 17
   ALR2d 704.
   Latent defect: modern status of rule requiring actual knowledge of
   latent defect in leased premises as prerequisite to landlord's
   liability for injury resulting therefrom. 88 ALR2d 586.

have known; this does not impose a duty upon the landlord to inspect the premises on a regular basis to determine if any defects exist, but it does require him to repair any defects brought to his attention by the tenant or by his casual inspection of the premises (MCLA 125.401, 125.471; MSA 5.2771, 5.2843, Durand Ordinances, ch 83, 8.121, 8.172).

Appeal from Shiawassee, Bruce A. Fox, J. Submitted November 3, 1977, at Lansing. (Docket No. 31509.) Decided February 22, 1978.

Complaint by Anna M. Raatikka and Theodore R. Raatikka against Robert W. Jones for damages for injuries incurred when Anna Raatikka fell on premises leased from the defendant. Judgment of no cause of action for defendant. Plaintiffs appeal. Reversed and remanded.

*Draper, Daniel, Ruhala & Seymour, P. C.,* for plaintiffs.

*Charles L. Jones,* for defendant.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

H. L. HEADING, J. Plaintiffs were no-caused by a jury following trial of their negligence action against defendant. They moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, alleging several errors in the charge to the jury. From the trial court's denial of that motion, they bring this appeal.

We find that plaintiffs failed to preserve their claims of error by timely objections to the instructions. However, we find that the instruction on the controlling issue of the extent of a landlord's duty

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

to repair defective premises was erroneous, and we reverse for a new trial to prevent manifest injustice, *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965).

The trial court instructed the jury that a landlord is liable to his tenant for injuries resulting from defects existing at the time the tenant leases the premises only if the landlord knew or should have known of the defect and it was not open to the observation of the tenant. In other words, the landlord is liable only for latent defects of which he knows or has reason to know. This has long been and continues to be the common-law rule, *Heward v Borieo,* 35 Mich App 362; 192 NW2d 668 (1971).

However, prior to the date upon which defendant landlord in this case rendered the subject premises to plaintiff tenants, the City of Durand, in which the premises are located, enacted as an ordinance the Michigan housing law, 1917 PA 167, as authorized by MCLA 125.401; MSA 5.2771, Durand Ordinances, ch 83, § 8.121. The Michigan housing law requires that every dwelling and all parts thereof be kept in good repair by the owner, MCLA 125.471; MSA 5.2843. In addition, the Durand housing code specifically requires that interior floors be kept in good repair, Durand Ordinances, ch 83, § 8.172.

It is well-established that the Michigan housing law, in localities where it applies, abrogates the common-law rule regarding the landlord's duty to repair, *Annis v Britton,* 232 Mich 291; 205 NW 128 (1925), *Crawford v Palomar,* 7 Mich App 21; 151 NW2d 236 (1967).

We therefore conclude that the landlord was under a duty to repair all defects of which he knew or should have known. This does not impose

a duty upon the landlord to inspect the premises on a regular basis to determine if any defects exist.[1] It does require him to repair any defects brought to his attention by the tenant or by his casual inspection of the premises.

Accordingly, the trial court's instruction on the extent of the landlord's duty to repair did not accurately state the law on this crucial issue, and may well have been the determining factor in the jury's verdict. To guard against the possibility of manifest injustice, we must reverse.

Reversed and remanded for a new trial. Costs to plaintiffs.

---

[1] *Cf. Hockenhull v Cutler Hubble, Inc,* 39 Mich App 163; 197 NW2d 344 (1972), *lv den,* 387 Mich 809 (1972).