629 N.W.2d 401 (2001)
464 Mich. 875
Ruth WOODBURY, Plaintiff-Appellee,
v.
Charles I. BRUCKNER and Alice C. Bruckner, Defendants-Appellants.
Docket No. 113709, COA No. 204411.
Supreme Court of Michigan.
July 5, 2001.
As Amended July 10, 2001.
On order of the Court, the application for leave to appeal having been granted, and the case having been argued and submitted, we VACATE the judgment of the Court of Appeals and REMAND this case to that court for reconsideration in light of our decision in Lugo v. Ameritech, Mich. 512, 629 N.W.2d 384 (2001). On reconsideration, the Court of Appeals shall determine, inter alia, (1) whether the covenant imposed by M.C.L. § 554.139 gave rise to a duty in tort, see Mobil Oil Corp. v. Thorn, 401 Mich. 306, 311-312, 258 N.W.2d 30 (1977); (2) if so, whether defendants can avoid tort liability arising from M.C.L. § 554.139 by relying on the open and obvious doctrine; and (3) whether defendants were entitled to summary disposition on their alternate theory that they were "landlords out of possession," see, e.g., Wallington v. Carry, 80 Mich.App. 248, 263 N.W.2d 338 (1977). The Court of Appeals shall allow the parties to file supplemental briefs.
We do not retain jurisdiction.
MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., would remand to the Court of Appeals for reconsideration in light of Lugo v. Ameritech, but would state that the order is not intended to limit the *402 scope of review on remand or to preclude argument on issues previously raised by the parties but not addressed by Lugo.