# STATE OF MICHIGAN

# COURT OF APPEALS

SHATUNNA LAWON PRIESTER,

        Plaintiff-Appellant,

v

KEISHA BELL,

        Defendant-Appellee,

and

SOURCE ONE ENTERPRISES,
INCORPORATED,

        Defendant.

UNPUBLISHED
August 16, 2016

No. 326989
Wayne Circuit Court
LC No. 13-015724-NO

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant Keisha Bell's motion for summary disposition in this premises liability action.[1] We affirm.

Plaintiff fell because of a loose front porch step at a home she leased from defendant and then sued defendant alleging breach of duties owed under common law and MCL 554.139. Eventually defendant filed a motion for summary disposition, arguing that she had no notice of the allegedly dangerous condition and, in fact, had inspected the steps on two occasions before plaintiff's fall and they appeared to be in good condition. The trial court granted defendant's motion, holding that defendant did not have notice of the allegedly dangerous condition of the step and had made a reasonable inspection of the premises.

On appeal, plaintiff contends that a jury could infer the defective step was improperly affixed to the front porch during defendant's prior renovation of the home, and that this inference

---

[1] We refer to Keisha Bell as "defendant."

-1-

is sufficient to show a genuine issue of material fact exists as to whether defendant had constructive notice of the dangerous condition of the step. We disagree.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(10) tests the factual support for a claim, *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004), and should be granted as a matter of law when "there is no genuine issue as to any material fact," MCR 2.116(C)(10).

## I. CONSTRUCTIVE NOTICE UNDER COMMON LAW

Under common law, a possessor of land owes a duty to an invitee to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). However, this duty only arises when the premises possessor has actual or constructive notice of the condition. *Banks v Exxon Mobil Corp*, 477 Mich 983, 983; 725 NW2d 455 (2007). So even if there is no actual knowledge, "the law will impute knowledge of the dangerous condition to the premises possessor if the dangerous condition is of such a character or has existed for a sufficient time that a reasonable premises possessor would have discovered it." *Grandberry-Lovette v Garascia*, 303 Mich App 566, 575; 844 NW2d 178 (2014).

Here, plaintiff primarily contends that knowledge of the loose front porch step should be imputed to defendant because a jury could infer the step was improperly affixed when the home was renovated. However, contrary to plaintiff's assertion, no evidence was presented that the steps may have been improperly affixed when the home was renovated. It is undisputed that, after the home renovation was completed, two professional inspections were conducted, one each by Redford Township and the Michigan State Housing Development Authority (MSHDA). Both Redford Township and MSHDA approved the home for occupancy and passed the steps in their respective inspections. In support of her motion for summary disposition, defendant attached a copy of the MSHDA report, and thus, presented evidence that the MSHDA inspector passed the condition of the steps and made no note of a loose step. Additionally, before plaintiff moved into the home, she "looked over" the premises and found everything to be in satisfactory condition. Therefore, the undisputed evidence presented negates plaintiff's contention that an inference could be made that the step was improperly affixed when the home was renovated.

And plaintiff failed to present any evidence from which a jury could conclude that defendant should have known about the loose step because of its character or the duration of its existence. See *Grandberry-Lovette*, 303 Mich App at 575. Plaintiff admitted that she regularly used the front porch steps and did not know of a dangerous condition with regard to the step until after she fell. Plaintiff used the steps the morning of her fall, describing the steps as "solid," and plaintiff used the front porch steps moments before her fall, again describing them as "solid." Because no evidence was presented from which a juror could conclude that a dangerous condition existed for a sufficient time establishing that defendant should have known about the loose step, there is no genuine issue of material fact that defendant had constructive notice of the step's condition. See *id*.

Further, defendant presented sufficient evidence that she conducted reasonable inspections which did not reveal a dangerous condition with the porch step. Defendant testified that she walked up and down the steps several times on at least two separate occasions after plaintiff began living in the home without noticing any missing screws or bolts. In fact, defendant testified that she observed screws in the steps on these inspections. Defendant inspected the home and the steps as recently as about two months before plaintiff's fall. On this visit, defendant recalled that the steps were secure and appeared to be in "good condition." Thus, even if a dangerous condition had existed for a sufficient time before plaintiff's fall, defendant presented evidence that, when left unrebutted, establishes she conducted reasonable inspections and these inspections failed to reveal the dangerous condition.

In summary, plaintiff failed to establish that a question of fact existed on the issue whether defendant had constructive notice of the loose front porch step and that defendant's inaction was unreasonable for purposes of a common law premises liability claim.

## II. CONSTRUCTIVE NOTICE UNDER MCL 554.139

A landlord also owes a tenant several duties under MCL 554.139. In relevant part, MCL 554.139 imposes a duty to "keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located . . . ." See MCL 554.139(1)(b). This duty extends to reasonable repairs that the landlord knew or should have known about. *Raatikka v Jones*, 81 Mich App 428, 430; 265 NW2d 360 (1978).

As discussed above, defendant presented evidence that she conducted two inspections of the front porch steps after plaintiff moved into the home. These inspections did not reveal a dangerous condition with regard to the front porch steps in general or the bottom step. Thus, defendant lacked actual or constructive notice of the condition. Because defendant did not have notice of the condition until after plaintiff's fall, defendant's duty to make reasonable repairs, with respect to the front porch, was not implicated before plaintiff's fall. See *Raatikka*, 81 Mich App at 430-431.

In conclusion, the trial court did not err when it granted defendant's motion for summary disposition.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola

-3-