■    ERNEST P. EGERMAN, an Infant, by HARRY EGERMAN, His Guardian ad Litem, et al., Appellants, v. RALPH J. MATTESINO, Respondent. (Action No. 1.)   RALPH J. MATTESINO, Respondent, v. HARRY EGERMAN, Appellant. (Action No. 2.) — Consolidated action in the City Court of Yonkers by an infant to recover damages for personal injuries, and by his father for medical expenses (Action No. 1), and to recover damages for injuries to person and property (Action No. 2). The appeal is from a judgment entered on a jury's verdict in favor of respondent for $1,049 in Action No. 2 and dismissing the complaint in Action No. 1. A motor vehicle owned by appellant, Harry Egerman, and operated by his son, appellant Ernest P. Egerman, was involved in a collision with a motor vehicle owned and operated by respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

■    MARGARET FOCHTMAN, Respondent, v. HERBERT L. GILMAN, Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury's verdict in favor of respondent. Respondent was injured when she tripped on an iron gate on property owned in part by appellant. The gate had in some way become detached from its fastenings and was lying partially across a public sidewalk abutting the property. No evidence was presented as to who was actually in possession and control of the property at the time of the accident, and appellant contends that it was incumbent upon respondent affirmatively to prove that the owner had not in fact entirely divested himself of possession and control of the property. Judgment unanimously affirmed, with costs. In our opinion, it may be inferred from the ownership of real property that the owner was in possession and control thereof so as to render him liable in damages to the user of an abutting public highway for injuries caused by the maintenance of the property in a condition dangerous to the traveling public. It is not incumbent upon the injured party affirmatively to prove that the owner has not in fact so divested himself of such possession and control. Once ownership has been established, the burden is on the owner to show that he has parted so completely with possession and control that he is unable to perform his duty of care towards travelers upon the street. (See *Appel* v. *Muller*, 262 N. Y. 278; cf. *McCann* v. *Davison*, 145 App. Div. 522.)   Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.