PETER FORTUNATO, Appellant, v. ARTHUR D. CRAFT, Doing Business as CRAFT's T. B. A. SERVICE, Defendant, and RANGER TIRES, INC., Respondent.

Second Department, June 8, 1964.

*Acker & Hoffman* (*Samuel Spevack* of counsel; *Bernard Meyerson* with him on the brief), for appellant.

*Walter Davis* for Ranger Tires, Inc., respondent.

CHRIST, J. The single question presented on this appeal is whether one who has bought a recapped automobile tire from a retail tire dealer may recover from the recapper damages for personal injury sustained while handling the tire, on the theory of breach of warranty of merchantability, fitness and suitability for use, where the recapper in the course of its business had recapped the tire and sold it to the retail dealer for resale. Special Term has answered that question in the negative.

In his amended complaint the plaintiff has alleged: (1) that he sustained personal injury by reason of an explosion of the tire as he was inflating a tube in the tire, " using a proper amount of air pressure," while the tire and tube were mounted on a rim and automobile wheel; (2) that when the recapper, the moving defendant Ranger Tires, Inc., sold the tire to the retail dealer, said recapper warranted to the dealer " and to the public, including the plaintiff," that the " tire was merchantable, and fit and suitable for the purpose of its intended use as an automobile tire "; (3) that the warranty was untrue; and (4) that the tire " was in a defective and unsafe condition, in that while " thus mounted " it could not hold a tube with air under pressure without causing an explosion, of which plaintiff had no knowledge." Although the complaint does not state whether the warranty was express or implied, it is averred in the moving affidavit (in support of the motion for dismissal of the cause of action in question) that the recapper never had any contact with plaintiff; and the arguments on both sides have been premised on the warranty having been implied.

The " citadel of privity " (*Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 180), which until recently barred all actions for breach of warranty if the warranty did not spring from a privy relationship between the parties, was first pierced definitely in this State in 1961 as to implied warranties (*Greenberg* v. *Lorenz,* 9 N Y 2d 195) ; and in the following year as to express warranties (*Randy Knitwear* v. *American Cyanamid Co.,* 11 N Y 2d 5). It is within the province of the courts to make changes in the

rule, originally "itself of judicial making" (*Greenberg* v. *Lorenz, supra,* p. 200).

Although *Greenberg* (*supra*) recognized the "injustice and impracticality" of the rule in general and the need to discard it, the caveat was proclaimed at the same time that "we should be cautious and take one step at a time" (9 N Y 2d 195, 200, *supra*). Hence, in that case, the Court of Appeals removed the bar only to the extent required for the necessities of that case. In cases of injury to the person, it limited the lifting of the bar to those cases which are based on a purchase of food and household goods, and in favor of any member of the household who sustained injury. However, still more recently even this interdiction for caution was relaxed, for it has been replaced by a broader doctrine insofar as the nature of the goods is concerned. In *Randy Knitwear* (11 N Y 2d 5, 15, *supra*), in which the claim was for injury to property, it was stated generally that, since "the basis of liability turns not upon the character of the product but upon the representation, there is no justification for a distinction on the basis of the type of injury suffered or the type of article or goods involved." Thereafter, in an action for death resulting from the crash of an airplane (*Goldberg* v. *Kollsman Instrument Corp.,* 12 N Y 2d 432, 436–437), it was said that, "at least where an article is of such a character that when used for the purpose for which it is made it is likely to be a source of danger to several or many people if not properly designed and fashioned, the manufacturer as well as the vendor is liable, for breach of law-implied warranties, to the persons whose use is contemplated."

Consistent with this more extensive liberalization of the rule as to the nature of the goods, actions for personal injury on the theory of breach of warranty, despite absence of privity, have been upheld where the products were an industrial face mask (*Williams* v. *Union Carbide Corp.,* 17 A D 2d 661); a chair (*Thomas* v. *Leary,* 15 A D 2d 438); and a spraying device (*Simpson* v. *Eichenbrunner,* 31 Misc 2d 958).

In our opinion, there can be no justification for treating an automobile tire as outside the scope of the new definition of products which may be the bases for actions such as this for breach of warranty of fitness. Nor do we see any material distinction in the fact that the product may not have been new, but reconditioned, when the warranty was given. To repeat from *Randy Knitwear* (11 N Y 2d 5, 15, *supra*), it is not "the character of the product but * * * the representation" that is the vital element.

While it is not essential in a case such as the present one to establish that the product was inherently dangerous, it is pertinent to observe that it has been held that a recapped tire, sold as such by the recapper for resale, was inherently dangerous; and that, after such a tire has been put in use by the retail purchaser, a person who is injured because of a defect in the tire may recover (in negligence) for his injury from the recapper (*Burke* v. *Firestone Tire & Rubber Co.,* 319 Mass. 372; *Nebelung* v. *Norman,* 14 Cal. 2d 647). Further, in *Nebelung* (*supra*) the court characterized the recapping operation as manufacturing in itself.

Accordingly, we conclude that the subject cause of action is actionable; that the order appealed from should be reversed, with $10 costs and disbursements; and that the motion of the recapper, the defendant Ranger Tires, Inc., to dismiss the second cause of action and to drop said defendant as a party should be denied, with leave to serve its answer to the amended complaint within 30 days after entry of the order hereon.

UGHETTA, Acting P. J., BRENNAN, RABIN and HOPKINS, JJ., concur.

Order reversed, with $10 costs and disbursements, and motion denied, with leave to defendant Ranger Tires, Inc. to serve its answer to the amended complaint within 30 days after entry of the order hereon.