■ JUAN OQUENDO, Respondent, v MID MEM CORPORATION, Appellant and Third-Party Plaintiff-Appellant. VICTOR VALENTINE et al., Third-Party Defendants-Respondents. JUAN OQUENDO, Plaintiff, v VICTOR VALENTINE et al., Defendant. — Order entered October 14, 1983, Supreme Court, County of The Bronx (Anthony J. Mercorella, J.), denying Mid Mem Corporation's motion for summary judgment, is reversed, on the law, and the motion is granted dismissing the complaint as to Mid Mem, without costs. ¶ Defendant Mid Mem Corporation acquired the subject premises in The Bronx through a foreclosure sale, receiving the deed on March 23, 1980. On May 1, 1980 Mid Mem entered into a contract of sale with defendant K & M Corporation and Victor Valentine, the latter as principal of K & M. The property was sold "as is" and the buyer(s) immediately began to make needed repairs. Although there was no closing transferring record title, K & M had effectively assumed full possession and control, as evidenced by the collection of rents and the taking on of the obligation to redintegrate the building. ¶ On September 23, 1980 a workman hired by K & M was hoisting a carton of tar up the outside of the building for the purpose of repairing the roof. The rope broke and the carton fell, striking a passerby, plaintiff. ¶ Upon these undisputed facts Special Term denied Mid Mem's motion for summary judgment dismissing the complaint as to it, finding "[q]uestions of fact * * * which can only be resolved by the trier of the facts." ¶ We reverse, finding no basis for holding Mid Mem liable for plaintiff's injuries. Although it is true that legal title had not passed to K & M, because no closing so effected this, nonetheless K & M was the equitable owner in fee,

exercising all of the incidents of ownership. While certainly the record "owner [has the burden of showing] that he has parted so completely with possession and control that he is unable to perform his duty of care towards travelers upon the street [citations omitted]" (*Fochtman v Gilman,* 9 AD2d 904), Mid Mem has carried its burden in this respect, and the failure to surrender record title is not a bar to its motion for summary judgment. (Accord *Torres v United States,* 324 F Supp 1195, 1200.) ¶ Even were we to consider Mid Mem the owner, and not K & M, "[t]he general rule is that no liability attaches to the owner of land for injuries resulting from its condition where such injuries occurred after the landowner had divested himself of control [citations omitted]" (*Cohen v Home Tit. Ins. Co.,* 2 NYS2d 245, 247). The exceptions to this rule (leasing for public use, landowner's covenant of repairs, concealment of dangerous condition, or fraud) do not obtain here. Just as clearly, the Multiple Dwelling Law only creates a statutory liability in an owner who retains control over the premises and has received actual or constructive notice of a defect or dangerous condition (*Rodriquez v Levin,* 36 Misc 2d 239, 240-241). Similarly, "[a] landlord is not liable at common law for injuries caused by a defective condition occurring after the letting of premises in the exclusive control of the tenant." (*Torres v United States, supra,* at p 1198, citing 2B Warren, NY Negligence, § 2.01 [3d ed, 1966].) Since Mid Mem retained no right to enter and inspect, the complaint against Mid Mem should be dismissed. Concur — Murphy, P. J., Sandler and Carro, JJ. Fein, J., concurs in a memorandum and Alexander, J., dissents in a memorandum as follows:

Fein, J. (concurring). I concur in result solely upon the ground that there is no proof of actual or constructive notice of the defect or dangerous condition which brought about the accident. It is undisputed that the workman involved was an employee of K & M Corporation, apparently in possession of the property pursuant to a contract of sale. I am unpersuaded that the owner of a multiple dwelling can escape the liability imposed by section 78 of the Multiple Dwelling Law merely by entering into a contract of sale and putting the vendee in possession, without transferring title. *Torres v United States* (324 F Supp 1195), relied on by the majority, was an action against the United States under the Federal Tort Claims Act (US Code, tit 28, § 1346, subd [b]; § 2671 *et seq.*) and is distinguishable. The vendee in possession of a building acquired by the United States in foreclosure had converted the premises into a multiple dwelling without the knowledge or consent of the Government. Liability may even exist beyond conveyance (*Pharm v Lituchy,* 283 NY 130).

Alexander, J. (dissenting). CPLR 3212 (subd [b]) provides in part that "the motion [for summary judgment] shall be denied if any party shall show facts sufficient to require a trial of any issue of fact." (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Moskowitz v Garlock,* 23 AD2d 943.) After searching the record, I find triable issues of fact and accordingly, would affirm the judgment below. ¶ It is undisputed that Mid Mem Corporation (Mid Mem) is the record title holder of the subject premises. The contract of sale, portions of which were rendered unreadable when copied, contains no provision for the express transfer from Mid Mem to K & M Corporation (K & M), the vendee, of the responsibility for the maintenance, control and operation of the premises or the liability which might accrue to one standing in the position of owner of the premises, prior to time of transfer of the record title. ¶ Moreover, the excerpts of the examination before trial of Jerome Meltzer, vice-president of Mid Mem, annexed to plaintiff's affirmation in opposition to defendant's motion for summary judgment, indicate some degree of control over the premises by Mid Mem. He stated that Mid Mem would not permit inspections to be made of the premises without its consent. Additionally, the apparent control by K & M of the subject premises and Mid Mem's apparent failure to

fulfill its obligation of due care as record title holder do not insulate Mid Mem from responsibility with respect to the subject premises, prior to or after the contract of sale.