█ ELIZABETH VERMETTE, as Administratrix of the Estate of JOSEPH F. VERMETTE, Deceased, Respondent, v KENWORTH TRUCK COMPANY, a Division of PACCAR, INC., Respondent, and GREEN TRUCK SUPPLY, INC., Appellant. (And Two Third-Party Actions.) — Levine, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered February 16, 1984 in Albany County, which denied a motion by defendant Green Truck Supply, Inc., for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff's decedent was killed on September 25, 1974 when the tractor trailer he was operating went out of control at a Thruway entrance ramp, crashed through guardrails and rolled down an embankment. This wrongful death action was later commenced against defendant Kenworth Truck Company, the

manufacturer of the tractor trailer, based, *inter alia,* on strict products liability and negligence, and against defendant Green Truck Supply, Inc. (hereinafter Green), the alleged repairer of the vehicle, based on negligence. The complaint essentially avers that the cause of the vehicle's going out of control was a defective "fifth wheel dolly assembly", a device installed on the tractor for purposes of attaching the trailer to it in the operation of the rig. The device is alleged to have been defective when a trailer is attached by rendering the vehicle difficult to steer and control, causing its cargo to shift and preventing proper weight and traction on the drive wheels of the tractor. During pretrial discovery, plaintiff furnished both defendants with a report of an accident reconstruction expert who concluded that there was no definite manufacturing or maintenance defect which caused or contributed to the accident. Both defendants moved for summary judgment dismissing the complaint and took appeals from the denial thereof, although the matter now before the court only concerns the appeal of Green, the repairer of the vehicle.

In Green's motion papers, proof in evidentiary form was submitted establishing that (1) it had no contract to provide regular maintenance on the accident vehicle, (2) there was no evidence of its having installed the fifth wheel dolly assembly on the particular vehicle involved in the accident, and (3) its records disclosed that it had not performed any repairs on the fifth wheel dolly assembly for at least three months prior to the accident. Green argues that these facts, coupled with plaintiff's own expert's finding of the absence of any mechanical or maintenance defect which could have brought about the accident, negate its liability on the basis of negligence as a matter of law. We disagree.

As asserted in the answering affidavit of plaintiff's attorney, the gravamen of plaintiff's claim is that the fifth wheel dolly assembly was defectively *designed* as to its use to attach a single trailer to a tractor, and the complaint is at least in part subject to that interpretation. Therefore, the fact that the vehicle was found not to contain any significant manufacturing or repair defect does not defeat plaintiff's action. Regarding Green's liability, the complaint further alleges in part that Green undertook to repair the subject tractor trailer in response to repeated drivers' complaints of serious difficulties in steering and controlling the vehicle and nevertheless failed either to properly inspect the device to discover that the steering and control problems related to the foregoing defect in design or, having discerned that the defect existed, failed to warn or give drivers adequate instructions on its proper use. Documentary evidence

in the record supports the allegations regarding drivers' complaints on steering and lack of control and their requests for repair some four and five months before the fatal accident.

Even without a general maintenance contract, a repairer may be liable for injuries caused by the unsafe operation of a device if, in response to a complaint concerning the very same operation which later caused the injury, the repairer undertook to make repairs and negligently failed to inspect to find the actual defect (*Wroblewski v Otis Elevator Co.*, 9 AD2d 294, 296-297). There is no good reason why such liability should not apply with respect to a design defect, assuming an expert repairer, such as Green, should have discovered it by reasonable inspection.

It follows from the foregoing that Green's factual showing on its motion for summary judgment, albeit in proper evidentiary form, was nevertheless insufficient to negate as a matter of law a possible basis of liability in negligence which could be established under plaintiff's pleadings. Accordingly, the burden did not shift to plaintiff to counter Green's factual showing by opposing proof in evidentiary form (*cf. Zuckerman v City of New York*, 49 NY2d 557, 562). Special Term was thus correct in denying Green's motion for summary judgment.

Order affirmed, with costs to plaintiff. Mikoll, Levine and Harvey, JJ., concur; Kane, J. P., and Casey, J., dissent and vote to reverse in the following memorandum by Casey, J.

Casey, J. (dissenting). The motion of defendant Green Truck Supply, Inc., for summary judgment should be granted.

The cause of action in plaintiff's complaint asserted against Green seeks to recover damages for Green's negligence in failing to perform proper tests, inspection, repairs and service on the tractor vehicle decedent was driving at the time of the accident, despite repeated complaints that the vehicle with its fifth wheel dolly assembly device was unsafe and difficult to steer or control, and in failing to warn or instruct decedent as to the dangerous condition. In support of its motion for summary judgment, Green submitted proof in evidentiary form establishing that it is a repair service shop specializing in repair and service of tractor trailer vehicles; that it neither designed the fifth wheel dolly assembly nor attached the device to the vehicle; that it had no contract with decedent's employer, the owner of the vehicle, to provide routine or systematic maintenance on the vehicle; and, that while it did perform certain minor repair work on the vehicle, it did no service or repair work on the fifth wheel dolly assembly for a period of more than three months prior to the accident. Green also submitted an accident reconstruction report, prepared by an expert at the request of the insurer of

decedent's employer, which found "no definite manufacturing or maintenance defect which would have caused or have been a contributing factor relating to the subject accident".

In light of this evidentiary proof submitted by Green in support of its motion for summary judgment, it was incumbent upon plaintiff to make at least an evidentiary showing of the existence of an issue of fact on which she rests her claim (*Zuckerman v City of New York,* 49 NY2d 557, 562).

"The law is well settled that a party, in opposition to a motion for summary judgment, must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established upon a trial * * * It is equally well recognized that an affidavit of an attorney who does not have personal knowledge of the facts is probatively valueless * * * and should be disregarded" (*Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916 [citations omitted]). Plaintiff claims that Green's liability arises out of a design defect in the fifth wheel dolly assembly, rather than a manufacturing or repair defect. But the record contains no evidentiary proof in admissible form to establish the existence of a design defect, the nature of such defect, that Green knew of or should have discovered the defect or that the defect was a proximate cause of the accident. In his affidavit, counsel for plaintiff alleges that such proof exists and that it will be presented at trial, but he offers no excuse for the failure to meet the requirement of tender in admissible form (*see, Zuckerman v City of New York, supra*). The documentary proof as to prior complaints by drivers about the vehicle consists of two reports prepared by decedent on forms supplied by his employer, but there is nothing in the record to indicate that these forms were presented to Green or that Green was requested to act on the complaints.