■ LINDA L. BEASOCK, Individually and as Administratrix of the Estate of ANTHONY J. BEASOCK, Deceased, Appellant, v DIOGUARDI ENTERPRISES, INC., et al., Defendants; GENERAL TIRE & RUBBER COMPANY, Appellant, and JOHNNY ANTONELLI TIRE COMPANY, INC., Respondent. (And Another Action.)—Order and judgment unanimously reversed, on the law, with costs, and motion denied. Memorandum: Plaintiff's decedent was killed when a tire, mounted on an undersized rim, exploded. Defendant Johnny Antonelli, the recapper of the tire, moved for summary judgment dismissing the complaint as to it and the motion was granted. We reverse.

We need not determine here whether a recapper who recaps a tire owned by its customer should be subject to the same liability as a manufacturer. As a recapper of tires, Johnny Antonelli may have breached a duty in negligence owed to plaintiff's decedent. Johnny Antonelli undertook an obligation to inspect the casings of tires delivered to it by its customers to determine whether the tires were safe and fit for recapping. The fact that an unsafe tire is turned over by a recapper as rebuilt "gives it a deceptive appearance of safety" (Restatement [Second] of Torts § 403 comment b). Hence, even if the unsafe condition is not of the recapper's own making, the recapper owes a duty to use reasonable care not only to inspect the tire for defects, but also to warn intended users of any potential dangers in the use of the tire of which it knows or should know, and which are not obvious to the intended users. In this respect, it is in the same position as a repairer who fails to warn its customers of a dangerous condition which it undertook to repair (see, Vermette v Kenworth Truck Co., 111 AD2d 448). It cannot be said as a matter of law that Johnny Antonelli fulfilled that duty. We note that plaintiff, in her opposing affidavit, submitted evidence that the 16-inch diameter tire was recapped by Johnny Antonelli and could be readily mounted on a 16½-inch rim, that such a mismatch has resulted in violent explosions, and that this was generally known in the tire manufacturing and recapping industry.

There is another reason for denying the motion for summary judgment. Johnny Antonelli may have been the seller of the tire, and as a seller it would be liable in strict products liability for any dangerous condition of the tire (see, Velez v Craine & Clark Lbr. Corp., 33 NY2d 117), as well as for any negligent failure to warn (see, Restatement [Second] of Torts § 388). Although plaintiff presently has no way of proving that defendant Johnny Antonelli sold the tire, she had no burden on the motion for summary judgment to present such proof.

The initial burden was upon Johnny Antonelli, as the moving party, to show that plaintiff had no cause of action (see, *Hayes v Riccardi,* 97 AD2d 954). It failed to meet this burden because it did not submit evidence that it did not sell the tire. Moreover, before the case goes to trial, plaintiff may find the missing witness who has knowledge of the transaction. (Appeals from order and judgment of Supreme Court, Monroe County, Houston, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.