**Michael WITTER and Mary Witter, his wife, Plaintiffs,**

v.

**ABELL–HOWE CO., American Hoist & Derrick Company, and Crosby Group, Inc., Defendants.**

**No. CIV–90–1140S.**

United States District Court,
W.D. New York.

June 14, 1991.

James T. Scime, Buffalo, N.Y., for plaintiffs.

Leslie Loew–Blosser, Minneapolis, Minn., for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Now before this Court is defendant The Crosby Group, Inc.'s ("Crosby") motion to dismiss the Complaint pursuant to Fed.R. Civ.P. 12(b)(6) or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56 ("motion") as to it.[1] Plaintiffs Michael Witter and Mary Witter (collectively "plaintiffs") have filed an opposition to Crosby's motion which includes a motion to strike the affidavit of James Christopher.

Because both parties have submitted affidavits and other statements beyond the pleadings which this Court has considered in ruling on the motion, pursuant to Fed.R. Civ.P. 12(b) this Court shall treat the motion as one for summary judgment under Fed.R.Civ.P. 56.

This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 and, therefore, New York law supplies the substantive rule of decision for this Court's application.

According to the Complaint, plaintiffs allege that Crosby negligently installed and maintained an overhead trolley crane which subsequently malfunctioned while plaintiff Michael Witter operated it, causing him severe injury. In Counts Three and Four of the Complaint, plaintiffs seek six million dollars damages for Crosby's negligent installation and maintenance of the crane and also damages against Crosby in strict products liability, respectively. In Count Five of the Complaint, plaintiff Mary Witter seeks one million dollars damages in consortium.

Moving to dismiss the Complaint as to it, Crosby denies any liability to plaintiffs for negligent installation or maintenance of the crane and, contending that it neither manufactured the crane itself nor any parts attached to it, also denies any strict products liability.

In support of its motion, Crosby has submitted a Notice of Motion; statement of material facts not in dispute ("Crosby fact"); a memorandum of law in support ("Crosby memo."); the affidavit of James Christopher ("Christopher"); the affidavit of William A. Gardner ("Gardner"); and the affidavit of Carl H. Berry ("Berry"). Crosby also has filed a reply brief ("Reply").

In support of its opposition to the motion,[2] plaintiffs have filed a Notice of Cross–Motion with exhibits; a statement of material facts in dispute ("pl. fact"); a memorandum of law ("pl. memo."); the affidavit of Michael Witter ("Witter"); and the affidavit of James Scime, Esq. ("Scime").

This Court has considered all these submissions, as well as oral argument held on March 5, 1991.

Conclusion: For the reasons set forth below, this Court grants Crosby's motion in its entirety and dismisses plaintiffs' lawsuit as against Crosby.

### FACTS

The following material facts are not in dispute.

Plaintiff Michael Witter was employed as a millwright with Franbilt ("Franbilt"), a company in the steel fabrication business

---

**1.** None of Crosby's co-defendants have joined in this motion.

**2.** Although plaintiffs have styled their summary judgment papers a cross-motion, they do not seek a judgment at this stage but instead only oppose Crosby's motion.

located in Lockport, New York. (Witter, ¶ 4).

Franbilt's plant is located at 210 Market Street, Lockport, New York. ("Market Street Building.") Appended to the inside of the Market Street Building is an overhead trolley crane ("crane") used to lift and move heavy items within the building. (*See*, Gardner, ¶ 5; Berry, ¶ 6;). Co-defendant Abell–Howe ("Abell") manufactured the crane. (Complaint, ¶ 9).[3]

On April 19, 1990, in the course of his employment plaintiff Michael Witter suffered injuries from the crane while working at Franbilt's plant. (Witter, ¶¶ 1, 4). As a result of this accident, *inter alia*, Michael Witter's leg was amputated. (Witter, ¶ 5).

Prior to May 1985, Crosby owned and, through its division Western Block Company, occupied the Market Street Building. (Crosby fact, ¶ 2). In May 1985, Crosby sold the Market Street Building and has not had control of or access to the Market Street Building since that time. (Crosby fact, ¶ 3; Christopher, ¶ 8).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate where "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is upon the moving party to demonstrate the absence of a material factual dispute. Fed.R.Civ.P. 56(e). Once that burden is met, the nonmoving party "... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). This Court must draw all reasonable inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). However, courts should not be reluctant to grant summary judgment in appropriate cases since "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims," *Celotex Corp. v. Cateret*, 477 U.S.

317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), thereby permitting courts to avoid "... protracted, expensive and harassing trials." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Applying this standard to this case, this Court concludes that there exists no genuine issue of material fact with respect to any of plaintiffs' claims against Crosby.

## DISCUSSION

A. *Plaintiffs' Motion To Strike The Affidavit Of James Christopher*

Preliminarily, plaintiffs move to strike the affidavit of James Christopher ("the affidavit"), arguing that the affidavit fails to comply with Fed.R.Civ.P. 56(e) because it is not based on personal knowledge and does not demonstrate Christopher's competency "... to testify to the matters stated therein." Specifically, plaintiffs object to paragraph ten of the affidavit where Christopher: 1) relates an October 25, 1990 conversation he had with Fran Licata, Jr., the son of the owner of the Market Street Building and Michael Witter's employer; and 2) states that on October 25, 1990 he inspected the crane and found it had no markings indicating Crosby manufactured it.

With respect to Christopher's characterization of Licata's statements, this Court agrees that such constitutes inadmissible hearsay and, therefore, does not consider it for purposes of this motion.

However, this Court also finds that Christopher's statement relating the results of his inspection of the crane are based on personal knowledge and constitutes probative evidence in support of Crosby's motion.

Christopher is the Director of Technical Services for Crosby. He visited the building, presumably as Crosby's representative, as a result of plaintiffs' lawsuit.

**3.** At oral argument on this motion, upon this Court's request for clarification, plaintiffs conceded that Abell manufactured the crane.

Plaintiffs cite nothing to indicate that Christopher's statements with respect to his inspection of the crane were not based on personal knowledge. Plaintiffs do, however, argue that Christopher's inspection took place seven months after the accident and that Christopher, therefore, had "... no personal knowledge of the accident itself or of the materials actually used ..." on the date of the accident. (pl. memo., p. 6). This Court does not accept Christopher's statement as a claim as to "the materials used" on the date of the accident but rather, exactly as the statement says, that on October 25, 1990 the crane bore no markings indicating it was manufactured by Crosby. This is evidence for this Court to consider in support of Crosby's motion but certainly not conclusive evidence. Plaintiffs have had an equal opportunity to inspect the crane and submit their own contradictory affidavit but, however, have failed to submit such an affidavit.

As to the remainder of the affidavit, plaintiffs cite no other portions which they claim must be stricken and this Court finds no grounds upon which to strike the remaining portions.

B. *Negligence (Count Three Of The Complaint)*

In Count Three of the Complaint, plaintiffs allege that Crosby's negligent maintenance and installation of the crane proximately caused Michael Witter's injuries.

Crosby now argues that he is entitled to judgment as a matter of law because, under New York law, "... an owner is not liable for conditions on premises when the premises pass out of its control before the injury has occurred ...," subject to exceptions not applicable to this case. (Crosby memo., p. 2).

Plaintiffs admit that "... this case involves ... premises liability ...," (pl. memo., p. 8), but offer no authority or other opposition responding to Crosby's argument that it has no premises liability.

It remains undisputed that Crosby has neither occupied nor controlled the Market Street Building since 1985. (*See*, Christopher, ¶ 8; Berry, ¶¶ 5–8; Gardner, ¶ 6).

■ This Court agrees with Crosby that under New York law Crosby cannot be held liable to plaintiffs for the negligent condition of the crane since Crosby relinquished title to and control over the premises five years before the accident occurred. *See*, *Oquendo v. Mid Mem Corporation*, 103 A.D.2d 705, 478 N.Y.S.2d 6 (1st Dept. 1984).[4] This Court also agrees that no exception to this rule applies to this case and, indeed, plaintiffs have argued no applicable exception.

Attempting to avoid the unfavorable result of the premises liability case law relied on by Crosby, plaintiffs, citing *Beasock v. Dioguardi Enterprises, Inc.*, 117 A.D.2d 1015, 499 N.Y.S.2d 558 (4th Dept.1986), argue that Crosby, under Count Three of the Complaint, may be found liable to plaintiffs under a negligent repair theory. Plaintiffs argue that Crosby owed and breached a duty to Michael Witter, an intended user of the crane, which Crosby at one time or another maintained, and, this Court must presume since it is not alleged in the Complaint, repaired. (pl. memo., p. 8).

In *Beasock*, the appellate division reversed summary judgment in favor of the defendant, a tire recapper, in plaintiff's wrongful death lawsuit. The Court rejected the defendant's argument that he could not be held liable for the death of plaintiff's decedent—who died when the tire, mounted on an undersized rim, exploded—because the defendant did not manufacture the tire. Where the defendant undertook "... an obligation ..." to inspect the tires to determine whether they were safe for recapping, the Court concluded, he owed a duty to use reasonable care not only to inspect the tire for defects but also to warn intended users of potential dangers stemming from subsequent use of the tire.

---

4. Although not dispositive of the negligence issue, since Crosby could not be held liable for the negligent condition of the crane, this Court notes that plaintiffs have not contradicted the sworn affidavits of Carl Berry and William Gardner that the crane was in good working condition when Crosby vacated the Market Street Building in 1985. (Berry, ¶ 8; Gardner, ¶ 7).

■ As an independent basis for its holding, then, the Court relied on the general theory that a repairer breaches a duty to its customers where it undertook an obligation to inspect or repair an unsafe condition on a device and the repairer failed "... to warn its customers of a dangerous condition which it undertook to repair...." *Id.*, 499 N.Y.S.2d at 559 (citation omitted). This duty stems from the sound policy concern that absent such warning, an intended user may be deceived by an "... appearance of safety." *Id.*, 499 N.Y.S.2d at 559 (quoting Restatement [Second] of Torts § 403(b)); *See Vermette v. Kenworth Truck Co.*, 111 A.D.2d 448, 488 N.Y.S.2d 507, 509 (3d Dept.1985) (under a negligent repair theory, a repairer may be held liable for injuries caused by an unsafe condition "... if, in response to a complaint concerning the very same operation which later caused the injury, the repairer undertook to make repairs and negligently failed to inspect to find the actual defect."), *reversed on other grounds*, 68 N.Y.2d 714, 506 N.Y.S.2d 313, 497 N.E.2d 680 (1986).

■ Unlike *Beasock* and *Vermette*, however, this is not a negligent repair case, at least as alleged according to the Complaint. Plaintiffs' Complaint fails to allege that his injuries stemmed from Crosby's failure to repair the crane or, that even were this Court to construe the term "maintain" broadly to include repair, whether Crosby itself repaired or maintained the crane or whether Crosby hired another to perform such services, if any. Moreover, even if this Court were to read into the Complaint that Crosby undertook to repair the crane, plaintiffs fail to allege that Crosby made any repairs in response to a problem or complaint concerning the crane. Not surprisingly, plaintiffs offer this Court not even minimal evidentiary support for their negligent repair theory.

Plaintiffs' attempt to position this case within the holding of *Beasock* is labored, a stretch inconsistent with the allegations contained in the Complaint which, this Court notes, plaintiffs have never sought to amend. This Court rejects plaintiffs' attempt to oppose Crosby's motion by framing its negligence claim against Crosby as one for negligent repair.

Therefore, finding no genuine issue of material fact as to Crosby's liability to plaintiffs for negligence this Court dismisses Count Three of the Complaint as against Crosby.

### C. Strict Products Liability (Count Four Of The Complaint)

Count Four of the Complaint realleges Crosby's defective installation "and/or" maintenance of the crane and seeks to hold Crosby liable "... under the doctrine of strict products liability." (Complaint, ¶ 28).

■ Plaintiffs' Complaint fails to allege that any Crosby product was involved in the accident, that Crosby may have manufactured anything attached to the crane, that Crosby ever manufactured cranes or crane parts or any parts which would somehow become part of the crane so that Crosby could be held liable in strict products liability, or that Crosby somehow distributed or sold the crane so as to place it in the marketplace. In fact, as noted above, it remains undisputed that Crosby's co-defendant Abell manufactured the crane. Moreover, in opposition to Crosby's motion, particularly the statement of James Christopher that at least on October 25, 1990 the crane contained no Crosby parts, plaintiffs submit absolutely no evidence supportive of its products liability claim. *See, Queensbury Union, Etc. v. Jim Walter Corp.*, 91 Misc.2d 804, 398 N.Y.S.2d 832, 835 (Warren Co.Sup.Ct.1977) (Court granted defendant's motion to dismiss plaintiff's strict products liability claim for failure to state a claim where defendant neither manufactured nor otherwise placed the defective product in the marketplace.).

Therefore, finding no genuine issue of material fact as to Crosby's strict products liability to plaintiffs, this Court dismisses Count Four of the Complaint as against Crosby.

### D. Plaintiffs' Need For Discovery

■ Lastly, this Court addresses an additional argument raised by plaintiffs in their summary judgment papers. Plaintiffs emphasize their need for discovery in

order to properly oppose Crosby's motion. However, this Court finds that discovery will not "... reasonably likely ..." help plaintiffs resist Crosby's motion and therefore denies plaintiffs' request that this Court decline to rule in favor of Crosby absent discovery. *Dixon v. Bowen*, 126 F.R.D. 483, 486 (S.D.N.Y.1989); *See, Contemporary Mission, Inc. v. U.S. Postal Service*, 648 F.2d 97, 107 (2d Cir.1981) (" 'An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of [a summary judgment] motion.' " (citation omitted)).

### CONCLUSION

For the reasons articulated above, this Court finds no genuine issue of material fact as to Crosby's liability to plaintiffs under Counts Three and Four of the Complaint and therefore dismisses plaintiffs' lawsuit against Crosby in its entirety.

### ORDER

IT HEREBY IS ORDERED, that this Court GRANTS defendant The Crosby Group, Inc.'s motion to dismiss plaintiffs' Complaint or in the alternative for summary judgment, in its entirety.

FURTHER, that this Court directs the Clerk of the United States District Court for the Western District of New York to enter final judgment for defendant The Crosby Group, Inc. and to dismiss plaintiffs' lawsuit against defendant The Crosby Group, Inc. in accordance with this decision.

SO ORDERED.