■ MEIR FUCHS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and GENERAL FORKLIFT COMPANY, INC., Respondent. (And a Third-Party Action.) [750 NYS2d 129] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated June 20, 2001, as granted that branch of the motion of the defendant General Forklift Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In response to the prima facie showing of entitlement to judgment as a matter of law made by the defendant General Forklift Company, Inc. (hereinafter GFC) (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851), the plaintiffs contend that a triable issue of fact exists as to whether an alleged statement made over the telephone by a GFC representative constituted a false assurance that the forklift was safe to use. However,

contrary to the plaintiff's assertion, GFC advised the plaintiff that the forklift would have to be taken out of service and removed to GFC's premises in order to be fully repaired. Furthermore, although the GFC representative told the plaintiff over the phone to go ahead and use the forklift, the plaintiff could not have reasonably relied on the alleged statement because he repeatedly admitted that he knew that the brakes on the forklift were defective. Accordingly, in the absence of any evidence of a negligent repair, the defendant was entitled to summary judgment (*see Stern v 522 Shore Rd. Owners,* 237 AD2d 277; *Ayala v V & O Press Co.,* 126 AD2d 229; *Vermette v Kenworth Truck Co.,* 111 AD2d 448, *revd on other grounds* 68 NY2d 714). Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.