■ BETTY STALKER, Individually and as Administrator of the Estate of GEORGE R. STALKER, Deceased, Plaintiff, v GOODYEAR TIRE AND RUBBER COMPANY, Defendant and Third-Party Plaintiff-Respondent. RUA & SONS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. [826 NYS2d 794]—

Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered November 29, 2005 in Columbia County, which, inter alia, denied a motion by third-party defendant Rua & Sons, Inc. for summary judgment dismissing the third-party complaint against it.

In or about 1998, decedent purchased a flatbed trailer from Ryder Truck Rental. In March 2001, decedent suffered fatal injuries when he attempted to inflate a tire on said trailer, which exploded due to failure of its sidewall. The tire in question had been manufactured by defendant in 1993 and had been retreaded by third-party defendant Rua & Sons, Inc. in 1996.

Decedent's spouse, individually and as administrator of decedent's estate, commenced this action against defendant alleging causes of action in negligence, breach of warranty and strict products liability. After issue was joined, defendant, in turn, commenced a third-party action against, among others, Rua & Sons seeking indemnification and contribution grounded on theories of negligence and strict products liability regarding the retreading of the tire in question. Ultimately, Rua & Sons moved for summary judgment dismissing the third-party complaint against it, which motion was denied, prompting this appeal.

Initially, Rua & Sons contends that it may not be held strictly liable because it was not regularly engaged in the production and sale of retread tires. We disagree. The record evidence makes plain that Rua & Sons was regularly engaged in the business of retreading and selling tires. Rua & Sons would obtain tire casings with worn tread, inspect the casing to determine that it was fit for retread and then retread the tire and sell it. As such, Rua & Sons constitutes manufacturers of such tires owing a duty to potential users to properly inspect the product and warn about any dangers associated with their use (*see Nutting v Ford Motor Co.*, 180 AD2d 122 [1992]; *Beasock v Dioguardi Enters.*, 117 AD2d 1015 [1986]; *Fortunato v Craft*, 21 AD2d 330 [1964]). Moreover, Rua & Sons, as a company regularly engaged in the production and sale of retread tires,

may be held liable for its negligence in that regard (*see Beasock v Dioguardi Enters., supra*). Contrary to Rua & Sons' contentions, there exists genuine issues of fact as to whether the tire was properly inspected prior to and after retreading and whether adequate warnings were affixed to the tire prior to placing it back into the stream of commerce. We have considered Rua & Sons' remaining contentions and find them equally without merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.